## BOGGS *et al.* v. MALLORY.

No. 2111. Opinion Filed May 10, 1910.

(109 Pac. 66.)

**APPEAL AND ERROR—Review—Dismissal of Appeal from Justice.**
The order of the trial court, reciting that the plaintiff in error "had failed to prosecute his appeal to effect and without unnecessary delay," is presumed on appeal here to be correct; and unless it affirmatively appears from the record that such conclusion by the trial court were erroneous, the judgment dismissing the appeal will be affirmed.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell, Judge.*

Action by F. J. Mallory against George G. Boggs and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*B. B. Blakeney* and *C. B. Connor,* for plaintiffs in error.
*L. G. Pitman,* for defendant in error.

WILLIAMS, J. On September 25, 1905, the defendant in error, as plaintiff, instituted before a justice of the peace in Pottawatomie county, Oklahoma Territory, an action in replevin against George G. Boggs, one of the plaintiffs in error, for the recovery of the possession of a mule and a horse. Answer having been made and issue joined, judgment was entered in favor of the plaintiff. On the same day the defendant filed his appeal bond, which was approved by the justice of the peace on the fourth day thereafter. On the 19th day of January, 1906, the justice of the peace forwarded the original papers in said cause to the clerk of the district court, together with what was alleged to be a transcript. On the 23d day of February, 1906, the court dismissed said appeal on the ground that the appellant had failed to prosecute the same to effect without unnecessary delay. On the 24th day of February, 1906, defendants filed motion to reinstate said cause on the ground

that no transcript of any proceedings in said action had been certified to said court, and therefore it had no authority to make any order therein, except to strike from the files the pretended appeal. On the 10th day of March, 1906, the motion to reinstate was overruled.

The order of the court dismissing the appeal is in part as follows:

"February 23, 1906. This cause coming regularly before the court, and it appearing to the court that the appellant has failed to prosecute his appeal to effect and without unnecessary delay, it is ordered that the said appeal be and same is hereby dismissed at the cost of the appellant."

The order of court in overruling the motion to reinstate is in part as follows:

"March 10, 1906. This cause coming regularly before the court on a motion to reinstate the appeal herein, the transcript herein is offered in evidence, and, the court being advised, it is ordered that the same be and is hereby overruled."

One of the conditions that are required of a party that appeals from a judgment of a justice of the peace (section 5045, Wilson's Rev. & Ann. St. 1903), is that he shall prosecute the same without unnecessary delay. The alleged transcript from the justice of the peace may have been defective, but was sufficient to confer jurisdiction upon the district court.

It is insisted by the plaintiff in error that the court made this order of his own motion; but the record does not so show. The presumption here is that the finding of the lower court was correct, and without error. There is nothing in the record to show that the appeal was dismissed for the failure of the appellant to make a cost deposit in accordance with the rules of the court. If such was the fact, the case-made should so show.

The failure to incorporate in the case-made the evidence upon which the court reached its conclusion, or the fact that he reached it without any evidence, leaves the record in such a shape that the judgment of the lower court must be affirmed.

All the Justices concur.