**NANCE et al. v. FOUTS et al.**

No. 8443—Opinion Filed March 5, 1918.

Rehearing Denied July 23, 1918.

(173 Pac. 1038.)

(Syllabus.)

1. **Appeal and Error—Construction of Mandate—Province of Supreme Court.**

It is the province of the Supreme Court to construe its own mandates in connection with its opinions.

2. **Appeal and Error—Mandate — Judgment Below—Appeal.**

Where a cause is reversed and remanded, with instructions to the trial court to proceed in accordance with the opinion of the Supreme Court, and the trial court renders a judgment in conformity with the fair import of such opinion and mandate, the same will not be disturbed on appeal merely because the trial court may have given an erroneous reason for its action.

Miley, J., dissenting.

Error from District Court, Custer County; Thos. A. Edwards, Judge.

Action by N. F. Fouts and Perry Reynolds, as administrators of the estate of Shoe Boy, an Indian, deceased, against Alice Nance, administratrix, and Chas. W. Goodwin, administrator, of the estate of T. J. Nance, deceased. Judgment for plaintiffs on the pleadings after mandate, and defendants bring error. Affirmed.

Phillips & Mills, G. W. Cornell, and Massingale & Duff, for plaintiffs in error.

A. J. Welch, J. C. Shull, and Webster & Webster, for defendants in error.

KANE, J. This cause was before the Supreme Court on a former appeal; the opinion handed down at that time being reported in 55 Okla. 266, 155 Pac. 610. As the opinion formerly handed down sufficiently discloses the issues involved in the controversy for our present purpose, we will not make a restatement of the record here, except in so far as we may find it necessary for a clear understanding of the specific proposition under discussion.

On the former appeal the judgment in favor of the defendants, plaintiffs in error here, was reversed, and the cause remanded, "with instructions to the trial court to proceed in conformity with the views herein expressed." After the mandate was received by the trial court the plaintiff (the successful plaintiff in error in that proceeding, and the defendant in error in this) filed a motion for judgment upon the pleadings, which motion was sustained, and judgment rendered in favor of the plaintiffs, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be designated as "plaintiffs" and "defendants" respectively, as they appeared in the trial court.

The ground upon which the defendants relied for a reversal and the theory upon which this ground should be reviewed, as stated by counsel in their brief, are as follows:

"But one question is presented by this record, namely: Did the court commit error in rendering judgment upon the pleadings as a matter of law? In this consideration there is nothing before the court except such questions as the pleadings themselves raise."

On behalf of the plaintiffs it is contended: (1) That assuming that the theory of the case, as stated by counsel, is right, and that the pleadings only may be looked to in reviewing the error complained of, still the trial court did not err in sustaining the motion for judgment on the pleadings; (2) that, inasmuch as the trial court was required to enter judgment as it did in favor of the plaintiffs by the mandate and opinion formerly rendered, such judgment will not be disturbed on appeal merely because the trial court may have given an erroneous reason for such action.

As the second contention of counsel for plaintiffs seems to us to be well taken, we

do not deem it necessary to examine the pleadings for the purpose of determining whether they are sufficient to resist a motion for judgment on the pleadings. A casual glance at the pleadings discloses that the cause of action of the plaintiffs was based upon certain promissory notes, and that the defense consisted of an admission of the execution of the notes sued upon and defensive allegations to the effect that, by virtue of a certain transaction between plaintiffs and a third person, the details of which are fully set out in the answer and in the former opinion, the plaintiffs are not now the real parties in interest. The reply of the plaintiffs was a general denial. The judgment rendered in favor of the defendants was reversed by the Supreme Court upon the ground that there was an absolute want of any evidence tending to establish the defensive allegations contained in the answer of the defendant. As there was no evidence to support the defensive matter of the answer, it goes without saying that the trial court on the former trial should have sustained plaintiff's demurrer to the evidence and rendered judgment in his favor. Failing to do this, upon the erroneous assumption that there was sufficient evidence adduced to carry the case to the jury, we are unable to perceive that the mandate left anything else for the trial court to do but to sustain the demurrer to the evidence and enter judgment for the plaintiffs; the Supreme Court having corrected the error complained of and decided as a matter of law that there was not sufficient evidence adduced at the trial to carry the case to the jury on the defensive matter contained in defendants' answer. In the case at bar the only question of fact involved was fully tried out on the former appeal. On appeal the Supreme Court found that the defendants had failed to produce any evidence tending to establish their defense. As the pleadings were not amended after the cause was remanded, but remained precisely as they were when the cause was tried, and as there is nothing in the record to indicate that the defendants did not introduce all the evidence they had on the first trial, or that they have since discovered any additional evidence, it seems to us that it would be a vain and futile thing to try the case again, even if the trial court were not precluded from doing so by the former opinion and mandate. The case in many aspects is similar to St. L. & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, where mandamus was allowed requiring the trial court to enter judgment in favor of one of the parties in accordance with the mandate of the Supreme Court. In that case it was also held:

"It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court."

As in the case at bar the trial court entered judgment in accordance with what we construe to be the fair import of our former opinion and mandate—and if he had not he probably would be required to do so as in the Hardy Case, supra—we will not disturb it on appeal merely because the court may have given an erroneous reason for its action.

We are not called upon to pass on the rights of the alleged donee mentioned in the answer of the defendant, if any he has. This is an action solely between two parties, the plaintiff, on the one side, and the defendant, on the other. The controversy between them, as disclosed by their pleadings, having been completely settled by the former opinion, the case is closed, in so far as they are concerned.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur, except SHARP, C. J., and HARDY, J., who concur in the conclusion, and MILEY, J., who dissents.