## SUTTER v. SOCKEY· et al.

No. 14693—Opinion Filed Jan. 29, 1924.

**1. Courts — Time for Appeal to District Court in Probate Matters.**

The time in which to take appeal from ·orders of the county in probate matters, ·to the district court, is fixed by section 1413, Comp. Stat. 1921, and must be com-plied with by taking the appeal within the time therein provided. If the appeal-ing party is a party to the proceeding, or, if not a party to the proceeding and having an interest therein and present at the proceeding, the appeal must be taken within ten days. Others interested in the proceeding must appeal within 30 days.

**2. Same—Notice of Appeal—Bond.**

The manner of prosecuting appeal from orders of the county court in probate ·mat-ters to the district court ·is· prescribed· by section 1414, Comp. Stat. 1921, and must be complied·, with in giving notice of· ap-peal as prescribed in the first subdivision of said section; and the appeal bond must be filed within the time fixed in the ·sec-ond subdivision.

**3. Same—Noncompliance With Statutes— Dismissal.**

Where an appeal from orders of . the county court in probate matters is attempt-ed to be prosecuted to the district court, and there is no notice of appeal given in compliance with the first subdivision of section 1414, Comp. Stat. 1921, the pro-ceedings upon appeal confer no jurisdic-tion upon the district court over the op-posing parties; and a motion to dismiss such appeal should be sustained.

**4. Same.**

Record examined, and held, that the at-tempted appeal from the orders of the county court in probate to the district court was a mere nullity for the reasons: .(1) That no notice of appeal was given in compliance with the first subdivision of section 1414, Comp. Stat. 1921; and (2) that the appeal bond was not filed within the time fixed by the second subdivision of said section; that for such reasons the district court did not acquire juris-diction over the opposing parties; that the order of the district court dismissing the appeal was not error; and that the judg-ment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, LeFlore Coun-ty; E. F. Lester, Judge.

Action in the County Court of LeFlore County in probate, by Melinda Sockey, Phoe-be Billy, nee Taylor, and Charles Taylor, against Fannie James, Ellis Colbert, Reu-ben Colbert, Juanita Colbert, Irene Col-bert, Mildred Colbert, Charles Sutter, and Charles Sutter, trustee, and P. H. Thomp-

son and Ellis Colbert, guardian, for determination of the heirship of Winnie Willis, deceased. Decree determining heirship in the county court. Charles Sutter, one of the defendants, prosecuted appeal to the district court of LeFlore county. The district court of LeFlore county sustained a motion to dismiss the appeal, from which order and judgment Charles Sutter prosecutes appeal as plaintiff in error, against Melinda Sockey, Phoebe Billy, nee Taylor, and Charles Taylor, as defendants in error. Judgment dismissing appeal affirmed.

John London and L. E. Lister, for plaintiff in error.

C. M. Bagwell, Robert E. Lee, and James L. Hale, for defendants in error.

Opinion by SHACKELFORD, C. Melinda Sockey et al. commenced a proceeding in the county court of LeFlore county against Fannie James et al., including Charles Sutter, the plaintiff in error here, for the determination of heirship of one Winnie Willis, deceased. Decree determining heirship of the said Winnie Willis, deceased, was entered by the county court. Charles Sutter, one of the defendants, feeling aggrieved by the judgment of the county court, attempted to prosecute appeal to the district court of LeFlore county. After the cause was docketed in the district court, plaintiffs in the original case filed a motion to dismiss the appeal. The motion sought to dismiss the appeal for the following reasons: (1) That no written notice was given stating what judgment, decree, or order was to be appealed from, or whether the appeal was taken from a question of law or fact or both; (2) that the purported appeal was not taken within the time required by law; (3) that no certified copy of the judgment, decree or order appealed from, nor certified copy of the minutes, records, papers and proceedings had been transmitted to the district court. Charles Sutter, the appealing party, filed response to the motion to the following effect: (1) That the requirement of the statute as to notice is not mandatory but directory only, and that it was not necessary for the appellant to apprise the appellees of the grounds upon which the appeal was taken; (2) that the appellant was unable to have a proper transcript prepared within the time fixed by the statute, and the court from which the appeal was taken extended the time within which to perfect appeal; (3) that appellant had prepared and filed in the district court a true and perfect transcript of all the papers, pleadings, and exhibits, but the stenographer who prepared the transcript failed to certify

the same; and asked leave of the court to have the transcript certified.

Upon a hearing of the motion the same was by the court sustained and the appeal dismissed. Charles Sutter appeals from the order and judgment of the district court dismissing his appeal, and makes the plaintiffs in the original proceedings defendants in error.

The plaintiff in error makes several assignments of error, all to the effect that the court erred in sustaining the motion to dismiss his appeal. The court held, upon the hearing of the motion to dismiss, that the appeal was not taken as required by law; that the appeal was not taken within the time prescribed by law; that the appeal was not taken and perfected as the law directs; and therefore dismissed the appeal.

An examination of this record discloses that the original proceeding was commenced in the county court of LeFlore county on the 25th of September, 1922; that Charles Sutter, the plaintiff in error here, was named as a party defendant in the original petition; that Charles Sutter was served with notice of the proceeding. A general appearance was entered in the case in the county court by Charles Sutter, by his attorney. The journal entry of judgment of the county court, determining the heirs of Winnie Willis, deceased, was signed and filed on the 9th of November, 1922, and the journal entry recites that Charles Sutter appeared by his attorneys. It is further disclosed that on the 1st of December, 1922, the county judge of LeFlore county signed an order continuing and extending the time for filing transcript in the district court to January 1, 1923. The appeal bond made by Sutter to appeal from the county court to the district court was filed and approved on the 5th day of December, 1922. The appeal seems to have been lodged in the district court of LeFlore county on the 1st day of January, 1923. It does not appear that any notice of appeal from the county court to the district court was given.

The procedure for taking appeals from judgments of the county court in probate matters to the district court for trial de novo is statutory. The period within which appeals are to be taken is prescribed in section 1413, Comp. Stat. 1921:

"An appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within thirty days from the date of the judgment, decree or order appealed from."

This section gives a party to the record, or a person having an interest in the proceeding and present at the hearing but not a party of record, ten days in which to appeal. Others having an interest in the proceeding have 30 days in which to appeal. Charles Sutter, the plaintiff in error there, was a party defendant of record, and was represented at the hearing and falls within the class of persons required to appeal within ten days.

Section 1414, Comp. Stat. 1921, provides how appeals shall be taken:

"The appeal must be made: First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree or order appealed from, or some specific part thereof, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and, second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

Under this section, two things are necessary: Give notice of appeal conforming to the first subdivision of the section; and by filing a bond within the time fixed in section 1413. Applying this section to the situation presented by the plaintiff in error, he, being a party, was required to comply with section 1414 by filing notice of his appeal within ten days from the determination of the cause in the county court, the notice to be in compliance with the provisions of the first subdivision of section 1414; and file his appeal bond within the time fixed in section 1413, which was ten days.

These statutes were examined in Adair v. Montgomery, 74 Oklahoma, 176 Pac. 911, and in that case it was held that they should be strictly construed; and we see no reason for holding otherwise. For the district court to acquire jurisdiction of probate matters on appeal from the county court the appeal must be taken within the time and in the manner prescribed by the statutes. The journal entry of judgment in the county court shows that the cause ended in the county court on the 9th of November, 1922. No notice of appeal was given; the appeal bond was not filed and approved until the 5th of December, 1922.

We know of no statute authorizing the county court to annul the statutes above recited by making an order extending the time within which a party may take an appeal from the orders of the county court in probate.

Upon the record presented here, we are of the opinion that the district court of Le-Flore county did not acquire jurisdiction of the proceedings by the attempted appeal of Charles Sutter. The order of the district court of LeFlore county dismissing the appeal was correct.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.