## HILL et al. v. YOUNG, Ex'r.

No. 18217. Opinion Filed Oct. 23, 1928.

Arthur Stahl and S. A. Horton, for plaintiffs in error.

S. T. Wiggins and H. A. Hicks, for defendant in error.

REID, C. On February 15, 1926. J. S. Young, as executor of the estate of J. Milton Turner, deceased, filed a petition in the county court of Carter county for the sale of certain lands belonging to the estate, for the purpose of paying debts, court costs, and legacies. Certain persons were named in the petition as legatees, devisees, and heirs of the decedent. Some of the addresses of these parties were stated as unknown, and all those known were shown to reside outside Carter county, and were mailed copies of the order for hearing the petition for sale,

and publication of this order was also duly made.

On March 24, 1926, Leslie M. Hill, Miltonia Hill, Ella B. Turner, and Arthur Stahl, filed a protest against the sale, on the grounds, among other things, that there was no indebtedness against the estate sufficient to justify the sale of the lands. These protestants had been named in the petition for sale as heirs, devisees, or legatees.

The executor filed an answer denying the allegations of the protest, and the hearing on the petition was continued from time to time. In the meantime, on July 13, 1926, the court entered an order allowing claims approved by the executor in the approximate amount of $1,500. And on the 20th day of July, the court further ordered the sale of the land for the purposes stated in the petition.

On July 22, 1926, a notice of appeal was filed in the county court in the proceedings by L. V. Turner, who designates herself as an intervener. We are informed in the brief of plaintiffs in error that she is the same person as Lillian Turner named in the petition for sale as an heir or legatee.

On the 17th day of August, 1926, the executor filed his motion in the district court to dismiss the appeal for several reasons, among them the following: That no appeal bond had been made and filed and approved as provided by law. The appeal was not prosecuted in name of the proper parties in interest.

When the proceedings came on for hearing in the district court, counsel for the executor presented his motion to dismiss the appeal, which was at that time overruled by the court, but after hearing some testimony and further statements from the respective counsel in the case, the court entered an order dismissing the appeal. The order of dismissal recites that the cause came on to be heard before the court upon the motion to dismiss the appeal by the executor; that the court, after hearing the evidence produced and the arguments of counsel, found that the protestants were not named in the will of the deceased, were not legatees of said estate, and had no interest therein; that the appeal was not prosecuted in the name of the proper parties in interest; that the court had no jurisdiction; that the appeal should be dismissed; and contained this order of dismissal:

"It is therefore ordered, adjudged, and decreed, by this court, that the motion to dismiss the appeal by James S. Young, executor of the estate of J. Milton Turner, de-

ceased, be, and the same is hereby, sustained and the clerk of this court is further ordered to transfer all papers and files in this case to the county court, of Carter county, Okla., with a certified copy of this order. which is to be recorded by the clerk of the county court on her journals as other judgments are recorded in said court."

From the order of the district court dismissing the appeal to that court, the protestants, Leslie M. Hill, Miltonia Hill, Ella B. Turner, and Arthur Stahl, after unsuccessful motion for new trial. have appealed to this court.

It will be observed that the court indicated that the appeal was being dismissed because the protestants had no interest in the estate. However, that order of dismissal sustained generally the executor's motion to dismiss. But if the court had specifically stated in the order that the appeal was dismissed alone upon the ground indicated, no reversible error was committed if there existed any ground for dismissing the appeal.

This conclusion is sustained by many of the decisions of this court. In the case of Seneca Company v. Doss, 59 Okla. 149, 158 Pac. 575, at the conclusion of the plaintiff's testimony, the defendant demurred thereto upon three grounds. The court overruled the same as to the first ground and sustained the demurrer as to the second and third. This court held:

"The ruling of the court in sustaining the demurrer to the evidence was proper, although upon the wrong grounds, and upon appeal, this court will consider all the grounds assigned in the demurrer to the evidence, and, if any of such grounds are well taken, the ruling of the court on the demurrer will be sustained," and cited authorities.

In the case of Board of Equalization v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115, this court again said:

"It is a settled rule that a judgment of the lower court will be affirmed, although a wrong reason was given for such judgment. Nance v. Fouts, 68 Okla. 271, 173 Pac. 1038; Kibby v. Binion, 70 Okla. 96, 172 Pac. 1091; McKee v. Title Ins. & Trust Co., 159 Cal. 206, 113 Pac. 140; Scattergood v. Johns, 57 Kan. 450, 46 Pac. 935."

It is not necessary for us to examine this entire record and determine the controverted question as to whether the particular reason assigned by the trial court in its order dismissing the appeal was sufficient Was the court authorized for any reason to dismiss the appeal? If it was, the order must stand.

The motion of the executor specially requested the court to dismiss the appeal, because no appeal bond was given as required by law, and we have seen that a general order of dismissal was made.

Before jurisdiction could be conferred on the district court, it was necessary that the party appealing file a bond as required by section 1414, C. O. S. 1921, within the time provided in section 1413, C. O. S. 1921, containing the requisites mentioned in section 1415, C. O. S. 1921, as amended by chapter 115, S. L. 1923-24. And if proper notice had also been given, as provided in section 1414, then, under section 1422, it became the duty of the judge of the county court, within ten days from the filing of the notice of appeal and the giving of bond, to cause a certified copy thereof and of the judgment, decree, or order, or specific part thereof appealed from, and of the minutes, records, papers, and proceedings in the case, to be transmitted to the clerk of the district court to be filed in his office, and then the appeal would be heard and determined by the district court.

It will be seen from the foregoing that, if any appeal bond was filed in this case. it was necessary to include the same in the transcript filed in the district court. The question whether an appeal bond was filed in the county court as required by law is the subject of much controversy in the briefs of the parties to this case. And the plaintiffs in error concede in their brief that if no appeal bond was filed, the order of the district court in dismissing the appeal was proper. And they rely upon the proposition that, as the proceeding went to hearing in the district court, this court must presume that all steps necessary to the appeal had been taken, including the filing of the bond. With this contention we cannot agree. The officers transmitting the transcript to the district court and placing the proceeding on the docket of that court for hearing could not by these acts determine that the district court had jurisdiction of the proceeding.

The district court having entered its order dismissing the appeal from the county court, it was the duty of the parties complaining of this act to bring to this court a record, case-made or transcript, containing a statement of facts showing affirmatively that the district court therein committed error, before they could expect a reversal. Joseph v. First National Bank, 17 Kan. 256.

In the case of Boggs v. Mallory, 26 Okla. 395, 109 Pac. 66, this court had under consideration the question as to whether a dis-

trict court had erred in dismissing an appeal to that court from a justice court, and in the syllabus said:

"The order of the trial court, reciting that the plaintiff in error 'had failed to prosecute his appeal to effect and without unnecessary delay,' is presumed on appeal here to be correct; and unless it affirmatively appears from the record that such conclusions by the trial court were erroneous, the judgment dismissing the appeal will be affirmed."

And in the body of the opinion further said:

"The failure to incorporate in the case-made the evidence upon which the court reached its conclusion, or the fact that he reached it without any evidence, leaves the record in such a shape that the judgment of the lower court must be affirmed."

The record in this case is certified as a transcript and settled and certified as a case-made, but we find no appeal bond therein. If the bond was given and filed, that constitutes an affirmative fact, and before the plaintiffs in error can be heard to say there was no ground for dismissing the appeal, it is their duty to present to this court a record showing the existence of an appeal bond, as an attempted appeal from the county court to the district court in probate matters without an appeal bond is a nullity and confers no jurisdiction on the district court. Sutter v. Socky, 97 Okla. 107, 223 Pac. 161; Arnold v. Richardson, 90 Okla. 220, 217 Pac. 381.

The judgment of the district court of Carter county dismissing the appeal should be affirmed.

BENNETT, HERR, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.