## HUNTER v. COOPER, Adm'r.

No. 24570. Sept. 10, 1935.

F. B. Dillard, for plaintiff in error.

F. C. Swindell, for defendant in error.

PER CURIAM. C. R. Hunter prosecutes this appeal to reverse an order of the district court of Tulsa county dismissing his appeal, wherein he sought to have the district court reverse a judgment of the county court settling his account as the former executor of the estate of H. E. Brooks, deceased.

He presented his final account on April 23, 1930, and a supplemental account on July 8, 1932, to which objections were filed, the court finding that as executor he had collected the sum of $14,528.44, and refusing to allow various items of credit alleged to have been due the executor, ordered him to pay the sum of $11,929.69 to J. B. Cooper, special administrator, whose appointment is not made a part of the record, but tacitly conceded in the briefs.

Various errors and irregularities are urged by the plaintiff in error attempting to show the incorrectness of the order and finding as to the amount due, but as will hereinafter be pointed out the merits of the case are not before the court.

It was stipulated at the hearing in the district court on the motion to dismiss, that no appeal bond had been filed as required by sections 1401 and 1402, O. S. 1931, but that the plaintiff in error had at the time of appeal a good and subsisting official bond as executor; therefore, the sole question presented is whether, under these circumstances, where an executor is appealing from an order settling his account, he must execute and file an appeal bond as required under the above statute.

We have two statutes exempting executors and administrators from giving bonds on appeal in certain instances. Section 565, O. S. 1931, is a general statute applicable to appeals generally. Section 1403, O. S. 1931, being section 1429, C. O. S. 1921, applicable to appeals from the probate court and the case at bar, provides:

"When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties thereon are liable as on such appeal bond."

The question presented is not novel in Oklahoma. In the case of Arnold v. Richardson, 90 Okla. 220, 217 P. 381, it was held that section 1403, O. S. 1931, was not applicable where a guardian sought to appeal from an order settling his account, citing Erlanger v. Danielson (Cal.) 26 P. 505; Fuller v. Fuller's Estate (Colo.) 44 P. 72.

In the more recent case of Allen et al., Adm'r, v. Kinder et al., 150 Okla. 156, 300 P. 653, the question was squarely presented, the syllabus of the case being as follows:

"Section 1429, C. O. S. 1921, giving the right to administrators to appeal without bond, applies only where the appeal is taken in the interest of the estate, and does not apply where the appeal is taken by an administrator from an order disapproving certain items of his final account and disallowing the same as a charge against the estate."

As pointed out in these decisions, the dis-

tinction lies in the fact that where appeal is not taken in the interest of the estate and for its benefit, but to diminish the same, the appeal is regarded as a personal matter of the executor and bond is required as in other cases, and the cases hold that where the appeal is taken as to the allowance of certain items, or the whole of the account, the matter is one for the personal benefit of the executor.

The case of McPhee's Estate (Cal.) 97 P. 878, cited, is not in point. In that case, the appeal was taken under a new statute providing for appeals from the superior court to test its constitutionality, and, as held by the court, "the act under which this appeal was taken does not require the filing of any such bond."

Where an appeal bond is required, the giving of the same is jurisdictional, and without which neither the district court nor this court can go into the merits of the case. Arnold v. Richardson, supra; Adair v. Montgomery, 74 Okla. 21, 176 P. 911.

For the reasons above given, the judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ralph Carder, J. G. Hughes, and R. Place Montgomery in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carder and approved by Mr. Hughes and Mr. Montgomery, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.