**BARNES, Adm'r, v. LOGSDON et al.**

No. 26145.   Dec. 15, 1936.

Rehearing Denied Jan. 9, 1937.

A. G. Wood and Hoyt & Stephens, for plaintiff in error.

E. S. Collier, Tom L. Ruble, and A. E. Darnell, for defendants in error.

PHELPS, J. W. H. Barnes, brother of Minnie McClung, deceased, was appointed administrator of her estate by the county court. Two days later George Logsdon and Rebecca Coyle, in a separate action in the same county court, filed their petition for the probate of an alleged will of the decedent. Thereafter Barnes, administrator in the other action, filed in the second action his objection to the will. In the second action then, the one in which the will was offered for probate, a hearing was had on the contest, resulting in the county court's admitting the will to probate. Barnes, as administrator and as an individual heir at law, gave notice of appeal to the district court. On the same day the county judge entered an order reciting that:

"Said administrator has heretofore made a good and sufficient bond, and it is therefore the order of this court that he be not required to give an additional bond, and that the said bond heretofore given is in lieu thereof."

The foregoing was entered under the authority of section 1403, O. S. 1931, providing that an administrator in appealing to the district court need not furnish an appeal bond, and that for that purpose his administrator's bond stands in the place of an appeal bond.

The order of the court admitting the will to probate was made on November 2, 1933. Under the terms of section 1400, O. S. 1931, providing that appeals to the district court must be taken within ten days under circumstances such as those in the instant case, the date limit for perfecting said appeal was

therefore November 12, 1933. All papers necessary to perfect the appeal were filed in time, except that no appeal bond having been filed by W. H. Barnes, either as administrator or as an appealing heir at law, the proponents of the will filed a motion to dismiss the appeal in the district court. This motion was filed on December 4, 1933. On December 15, 1933, the district court made an order, which was later modified, in which the cause was remanded to the county court for the purpose of permitting Barnes to file an appeal bond as administrator, and an appeal bond in his other capacity as heir at law. The amounts of these appeal bonds were fixed by the county court, and they were filed on March 18, 1934, four and a half months subsequent to the judgment appealed from. Later the proponents of the will renewed their application to dismiss the appeal, and the district court then did dismiss the appeal. The administrator now appeals to this court, both in his capacity as administrator and also as an interested heir at law. The question here to be considered is whether the district court acquired jurisdiction by the attempted appeal. In order to discuss this matter clearly we must first consider the plaintiff in error in his capacity as an heir at law, and then, having done with that, we shall discuss his rights as administrator.

In dismissing the appeal of Barnes in his individual capacity the trial court was correct. His administrator's bond did not suffice to cover his appeal as an individual (3 C. J. 646), and as an individual he failed to post an appeal bond within ten days as required by section 1401, O. S. 1931. The result was that the district court did not acquire jurisdiction to entertain his appeal in his individual capacity, since the filing of the bond within that period was jurisdictional. Adair v. Montgomery, 74 Okla. 21, 176 P. 911; Arnold v. Richardson, Adm'r, 90 Okla. 220, 217 P. 381; Hill v. Young, 134 Okla. 99, 274 P. 24; Sutter v. Sockey, 97 Okla. 107, 223 P. 161.

In Re Wah-kon-tah-he-um-pah's Estate, 109 Okla. 126, 234 P. 210, we held that a defective appeal bond which had been executed and filed within the time and in the manner provided by law could be amended after the running of the time, pursuant to section 1414, O. S. 1931 (concerning amendment of erroneous appeals in cases involving mistakes), but we have never held, where no bond was filed at all within the period of time prescribed by law, that the district court could permit the filing of an original appeal bond after such period and thereby acquire jurisdiction. This part of the judgment is affirmed.

On the other hand, when plaintiff in error appealed as administrator (that is, in his representative capacity as distinguished from his individual capacity), he was not required to file a bond. Section 1403, O. S. 1931, is as follows:

"When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties therein are liable as on such appeal bond."

As stated above, the county court made an express finding and order to the effect that the administrator's bond would be sufficient for the appeal.

Since, therefore, the appeal of the administrator was lodged in compliance with the statutes, it was error for the trial court to dismiss the appeal of Barnes in his representative capacity, unless such dismissal was justified upon the theory that the administrator did not have the right to appeal. If the administrator did not have the right to appeal from the order of the county court admitting the will to probate, and use his administrator's bond for that purpose, his appeal should have been dismissed, and it would be immaterial upon what grounds the trial court dismissed it. But if in his representative capacity he did have the right to appeal, as a "person interested", or a "party aggrieved", the dismissal of such appeal was error. Sections 1398, 1399, 1400, O. S. 1931, give such persons the right of appeal. It is therefore apparent that this decision rests upon the determination of that question.

We are not aware that this precise point has heretofore been determined by this court. Decisions from other states are not in accord on the question. Some permit the appeal by the administrator in his representative capacity, and others do not. Where the appeal is taken by an administrator from an order affecting only such matters as affect him personally, and not affecting him in his representative capacity, his administrator's bond is not sufficient to cover the appeal. For instance, in Allen v. Kinder, 150 Okla. 156, 300 P. 653, it was held that where an administrator appeals from an order disapproving certain items in his final account and disallowing those items as a charge against the estate, the bond filed by him in his representative capacity would not suffice for the appeal. To the same effect is Hunter v. Cooper, 173 Okla. 404, 48 P. (2d) 1078. How-

ever, it is apparent that those decisions are not in point here.

Those cases from other states, holding that an administrator is not a person "interested" or "aggrieved" in a manner such as would authorize his appeal in such cases, are based upon the theory that no one except those who have a pecuniary interest in the estate itself or its proceeds can contest a will offered for probate. Those cases point out that it can be of no concern to the administrator how the estate is divided among the beneficiaries, and that if any heirs or beneficiaries are dissatisfied with the admission of the will to probate, it is for them to appeal, and that if the administrator were allowed to appeal, or allowed to contest a will subsequently offered for probate, it would be possible for the heirs to be satisfied with the terms of the will and yet the administrator could in that manner delay distribution. In re Estate of Parsons (Cal.) 3 P. 817; Sanborn's Estate (Cal.) 32 P. 865; Arai v. Saenz (Tex. Civ. App.) 52 S. W. (2d) 383; Bowers v. McGavock, 114 Tenn. 438, 85 S. W. 893. Examination of such cases, however reveals that almost without exception they involve instances where the administrator has sought to appeal for some personal motive, such as protecting his fees, and few if any of such cases involve such situations as are before us at present.

Conversely to the above line of authorities, some of the courts have held that the administrator, as such, has the right to contest probate of a will which is offered for probate after his appointment as administrator, or has such an interest in the proceedings as will, in various forms of actions and appeals, entitle him to participate in his representative capacity. Denison v. Jerome (Colo.) 96 P. 166; In re Collins' Est. (Cal.) 164 P. 1110; Connelly v. Sullivan, 50 Ill. App. 627; Roulett v. Mulherin, 100 Ga. 594, 28 S. E. 291; Reid v. Lord, 102 Conn. 365, 128 Atl. 521; In re Hyde's Will, 157 Wis. 462, 145 N. W. 1079; Green v. Blackwe'l, 32 N. J. Eq. 768; O'Connor v. O'Connor, 45 W. Va. 354, 32 S. E. 276; cases, 3 C. J. 644, note 73. These decisions are based upon recognition of the fact that the administrator is bound to protect not only the corpus of the estate but the interests of the heirs themselves, to a limited degree, against outsiders. Whether the administrator is a "person interested" within the meaning of our probate statutes governing appeals depends of course upon the facts of the particular case. Naturally, he would not be interested in the question of what particular shares are distributed to the various heirs, while he would be interested in any litigation the effect of which would possibly be to totally deprive all of the heirs at law of any interest whatsoever in the estate. The latter is the situation here. The will which was admitted to probate by the county court (the appeal from which the order was dismissed) devised and bequeathed all of the estate to persons who were not heirs at law of the deceased. Barnes's letters of administration had not been revoked. The assets of the estate were in his hands, and presumably are still in his hands. If the will is spurious, certainly it was his duty to protect the estate from an invasion thereby, such as would be caused by permitting an invalid will to go uncontested. Of course, we do not say the will is invalid, for that question is not before us, but it may be declared invalid if a full hearing is had. We believe that no harm can be caused, and much injustice may be prevented, by following in this instance the general rule that appeals are favored, and by recognizing the practical fact that many of the heirs at law in the instant proceedings are in far removed and distant places, where they probably expect that the administrator will have a mind to the protection of their interests, as well as of the physical assets of the estate itself. The administrator is charged in law with the duty of protecting the property of the estate. Section 1193, O. S. 1931. May it not be said that the duty is upon him to protect his possession from those strangers who would take it from him through the courts, as well as from those strangers who would take it from him by physical force or stealth? In Jameson v. Goodwin, 43 Okla. 154, 141 P. 767, we said, quoting from another case:

"'That an administrator appearing in an action involving the interest of the estate represents as well the heirs as the creditors of the deceased is well settled. But he represents not only the interests of heirs and creditors, but also the title which the deceased had at the time of his death'."

The will is in practical effect a conveyance and deals with the corpus of the estate and affects the title held by the administrator in his representative capacity. His only method of "quieting title" (for it is the same thing) against the will is to contest it. This is not a case where all the heirs at law would be satisfied with the terms of the will, which should satisfy the administrator, but is a case where no heir at law can possibly obtain anything at all if the will is not contested. It is true that the heirs at law themselves had the right to contest the will,

but we hold that the administrator also has the right under the facts of this particular case, if he exercises it in good faith. Should we hold that he would not have the right to do so, it would follow that those remarks in the prior decisions of this court, to the effect that the administrator represents the interests of heirs, were incorrect.

The following is from vol. 2 of the new American Jurisprudence, page 960:

"The general rule is that one who acts in a representative capacity by which he is charged with a duty to protect an estate committed to his charge in the interest of all concerned has such an interest as entitles him to appeal or bring error proceedings from a judgment, order, or decree affecting the interests of the estate adversely."

We have already held in Bell v. Davis, 43 Okla. 221, 142 P. 1011, that an executor or administrator with the will annexed is not only a proper party to such proceedings, but is a necessary party. It was contended in that case that the executor, or his successor, had no appealable interest. After reviewing the cases at great length upon this question, we overruled such contention. It appears to us that the executor of a will could be no more "interested" in the probate of the will than the administrator is interested in the protection of the estate in his hands. If we should continue to hold that an executor may appeal, as we have held, and should hold in this case that an administrator may not, it would be an unwarranted distinction, supportable only in theory, and wholly lacking in practical and substantial basis.

It would be unwise to lay down a dogmatic rule either that an administrator may appeal or that he may not appeal. It depends upon whether he has a representative interest. Our study of the cases convinces us that appeals have been permitted where the administrator had some interest to protect in his representative capacity and have been denied where he sought to appeal in his representative capacity but where his interest was only as an individual. In other words, the facts distinguish the cases, rather than there being a wide divergence of legal views. It is summed up in this manner in 3 C. J. 644:

"An executor or administrator has the same right as any other person to appeal or sue out a writ in his representative capacity if in such capacity he is interested and is a party or person aggrieved by the judgment, order, or decree complained of, but not if he has no interest in the matter or if he is not aggrieved."

From the record in this case it is very apparent that it was not only the right but the duty of the administrator to appeal and contest this will which was produced by strangers, if he could do so in good faith. If he had good reason to doubt the validity of the will, he would be subject to grave criticism if he should stand idly by and fail to contest it, all other heirs at law being absent.

We prefer a rule of law which will make it possible for such an issue as this to be heard on its merits, including the de novo appeal to the district court. This necessitates, however, reversal of this judgment as to the administrator and that the cause be remanded to the trial court for further proceedings not inconsistent with the views expressed herein, and it is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.