**HARJO v. AUBREY, Judge.**

No. 28330.  Feb. 7, 1939.

W. C. Hall, Jas. W. Rodgers, and Chas. B. Rogers, for plaintiff in error.

R. J. Roberts, Louis A. Ledbetter, Tom Huser, W. H. Ballard, and Hugh Roff, for defendant in error.

HURST, J. The question involved in this case is whether steps, necessary to confer jurisdiction upon the district court in a probate appeal, were taken by the appellant in the county court. The question arose in the following manner: On July 25, 1937, the county court of Seminole county entered a decree determining the names and identity of the heirs of Wallace Cully, deceased, and it was therein determined that Newman Harjo was not an heir. Charles B. Rogers, an attorney of Tulsa, represented Harjo in that proceeding and arranged with Pliny Frye, an attorney of Wewoka, to perfect an appeal from said decree. Frye prepared the notice and bond for appeal and sent them to Rogers for his approval as to form, and they were approved by Rogers and returned to Frye so that he could perfect the appeal. Monday, August 2d, was the tenth and last day for completing the appeal, and on that day Frye took the notice of appeal and bond to the office of the county judge to secure the approval of the bond, which had been executed by two sureties, and to file the notice and bond, but the county judge had left the county on Sunday, August 1st, and did not return until Wednesday, August 4th, and Frye filed the notice of appeal in the office of the court clerk and left the bond with the county court reporter to have it approved as soon as the county judge returned, and the bond was left on the county judge's desk. Some two hours thereafter, one of the sureties asked Frye to take him off the bond, and thereupon Frye went to the county judge's office and procured the bond and destroyed it. Frye testified that he left the bond in the county judge's office "for the purpose of it becoming a part of this record in this case" and that he did not go to the county judge's office for the purpose of filing the bond, but he "just left it there because it wasn't approved by the court." The inference is that he thought the bond a nullity, and the filing of it would be unavailing, until it was approved by the county judge. Rogers was not advised as to what had been done until after August 2d. Thereafter, Jas. W. Rodgers, an attorney of Holdenville, was employed by Harjo to assist Charles B. Rogers, and on August 14th he procured a new appeal bond to be filed in the probate case, but the county judge refused to approve it on the ground that it was presented after the expiration of the time allowed for perfecting the appeal.

Thereafter, Harjo instituted this action on September 8, 1937, in the district court for a writ of mandamus to compel the county judge to file in the district court a transcript of the record in said probate matter and "for such other and further relief as may be just and proper in the premises." The county judge filed an answer in which he denied that Harjo was entitled to the relief prayed for, and he attached to his answer copies of the following documents filed in said probate case: (a) The motion by the petitioner in the heirship proceeding to strike the notice of appeal; (b) the response of Harjo to that motion; and (c) the order entered by him as county judge under date of August 23, 1937, sustaining said motion to strike, and refusing to approve the appeal bond filed August 14th, and denying the application of Harjo for an order requiring a transcript of the heirship determination proceedings to be filed in the district court. The district court, after hearing the evidence, entered judgment denying the plaintiff, Harjo, any relief. Plaintiff appeals.

At the outset we are confronted with the contention of the defendant that mandamus will not lie for the reason that the plaintiff had an adequate remedy at law by way of appeal from the order of the county court made August 23rd. While plaintiff, in the prayer of his petition, asks for the issuance of a writ of mandamus, and an alternative writ of mandamus was issued, we are of the opinion that our decision should not be based upon the technical rules governing the extraordinary writ of mandamus. The petition is a sufficient compliance with section 1413, O. S. 1931 (58 Okla. St. Ann. sec. 736), which prescribes a legal remedy by which a county judge "may be compelled by the district court by an order entered, upon motion," to transmit to the district court copies of the proceedings sought to be brought up on appeal and mentioned in section 1410, O. S. 1931 (58 Okla. St. Ann. sec. 733). The petition will be treated as a motion under said section 1413. Thompson v. State ex rel. Ficklin (1916) 54 Okla. 647, 154 P. 508.

Nor was it necessary that the plaintiff appeal from the order of the county court

of August 23rd. After entering the decree of July 25th, the jurisdiction of the county court, so far as the question now under consideration is concerned, was limited to fixing the amount of the bond and passing upon the sufficiency of the sureties and the form of the bond. Section 1402, O. S. 1931 (58 Okla. St. Ann. sec. 726). He had no authority to pass upon the sufficiency of the steps undertaken in order to complete the appeal. That was a question for the district court to pass upon in determining its own jurisdiction. Clark v. De Graffenreid (1917) 64 Okla. 177, 166 P. 736.

■ This brings us to the merits of the case, the determination of which requires that we construe and apply sections 1400, 1401, and 1414, O. S. 1931 (58 Okla. St. Ann. secs. 724, 725 and 737), which, in so far as they are applicable to the question involved here, are as follows:

"1400. An appeal by a party or by a person interested who was present at the hearing, must be taken within ten days * * * from the date of judgment, decree or order appealed from.

"1401. The appeal must be made: First. By filing a written notice thereof with the judge of the county court * * *; Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. * * *"

"1414. * * * When an appellant shall have given, in good faith, notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal, or to stay proceedings, the appellate court may permit an amendment, on such terms as may be just."

The plaintiff contends that, when these statutes are construed together, the "appeal bond, although qualifiedly essential to the jurisdiction of the district court, is not absolutely so," and relies upon Clark v. De Graffenreid, supra, in which the quoted language is used, and it is there further said that 'the adverse party is undoubtedly entitled to have the case dismissed for want of such bond unless the appellant shows himself entitled to give the same at the time the question is raised." He also contends for a liberal construction of said statutes and calls our attention to Venator v. Edwards (1927) 126 Okla. 296, 259 P. 596.

· On the contrary, the defendant contends that the filing of the appeal bond within the time limited for appeal is a prerequisite to the jurisdiction of the district court to entertain the appeal. This was the theory adopted by the district judge, as reflected by his oral statement at the time he rendered judgment. In support of this contention defendant relies upon the following decisions involving probate appeals: Adair v. Montgomery (1918) 74 Okla. 21, 176 P. 911; Arnold v. Richardson (1923) 90 Okla. 220, 217 P. 381; Sutter v. Sockey (1924) 97 Okla. 107, 223 P. 161; Cotton v. Harris (1925) 108 Okla. 203, 235 P. 607; Hill v. Young (1928) 134 Okla. 99, 274 P. 24; Vogel v. Gassaway (1929) 139 Okla. 61, 281 P. 302; Allen v. Kinder (1931) 150 Okla. 156, 300 P. 653; Hunter v. Cooper (1935) 173 Okla. 404, 48 P.2d 1078; Methvin v. Methvin (1935) 174 Okla. 75, 49 P.2d 514; Norcom v. Minor (1936) 175 Okla. 360, 53 P.2d 576; Cary v. Central Nat. Bank (1936) 177 Okla. 259, 58 P.2d 533; Barnes v. Logsdon (1937) 178 Okla. 645, 63 P.2d 964; Sandlin v. Foltz (1937) 180 Okla. 544, 71 P.2d 464. He also refers to cases having to do with appeals from the justice of the peace court, but these cases are not persuasive here, because there is no statute similar to section 1414 applicable to justice court appeals.

Most of the decisions relied upon by defendant do not refer to section 1414, probably because of the failure of the appellant to ask for relief thereunder, and those few that do refer to it fail to construe or apply it. Statutes such as this are remedial and should be liberally construed. 3 C. J. 1191, sec. 1260.

A statute identical with section 1414 was construed in Re Vasgaard's Estate (1933, S. D.) 248 N. W. 198. In that case the notice of appeal and bond were timely filed, but the bond was not approved by the county judge. The circuit court authorized the county judge to endorse his approval nunc pro tunc on the bond, which was done. The circuit court denied a motion to dismiss the appeal, and the Supreme Court affirmed this judgment.

In Dowell v. Bolt (1904, Ore.) 75 P. 714, a statute substantially the same as section 1414 was considered, and it was held that the appellant should be permitted to file a bond when none had been filed because of mistake, and it was held that the statute protects against mistakes of law as well as mistakes of fact. See, also, Boehmer v. Silvestone (1918, Ore.) 174 P. 1176.

A statute substantially the same as section 1414 was construed in Beddow v. Flage (1910, N. D.) 126 N. W. 97, and in Re Peterson's Estate (1912, N. D.) 134 N. W. 751. The statute provided:

"When the appellant seasonably and in good faith serves a notice of appeal on some of the parties, but through mistake or excusable neglect fails to obtain service on all, or in like manner omits to do any other act necessary to perfect the appeal or effect a stay, the county court upon proof of the facts by affidavit may, in its discretion, extend the time for perfecting the service or other act and permit an amendment accordingly upon such terms as justice requires."

In the Peterson Case the bond filed in the county court was fatally defective, and the district court permitted a new bond to be filed. This action was approved and the court used this language:

"From the statute it is obvious that the jurisdictional requisite to an appeal is the service and filing of the notice of appeal as required; the undertaking on appeal being intended as security only, and not as a jurisdictional prerequisite. This may seem at first blush an unusual interpretation of undertakings on appeal. But such is the plain purpose of this statute. * * * The condition precedent to the permission of performance of other acts necessary to be done, including an amendment to the notice of appeal or filing of a new or amended undertaking, permitted under section 7969, is the seasonable and good faith service of a notice of appeal on some of the parties to the proceedings. The order under which permission was granted to file this new undertaking, based upon affidavit, finds this appeal to have been taken in good faith. If the statute be of any force, then it is to be applied to just such cases as the one before us, to prevent a defective bond from depriving a party of a trial anew on the merits where the appeal was in good faith attempted."

In Re Darragh's Estate (1888, N. Y.) 3 N. Y. S. 283, the court construed a statute providing that "where an appellant seasonably and in good faith serves the notice of appeal, * * * but omits, through mistake, inadvertence, or excusable neglect, * * * to do any other act necessary to perfect the appeal, or to stay the execution of the judgment or order appealed from, the court in or to which the appeal is taken, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires." It was held that this statute gave the court jurisdiction to permit the appellant to file and serve a bond on appeal when none had been filed in the lower court, where he acted in good faith and his omission was through excusable neglect.

After carefully considering all of our former decisions, sections 1400, 1401, and 1414, and the authorities from the other jurisdictions, we are of the opinion that the true meaning of said statutes is this: The filing of a notice of appeal within the time fixed by section 1400 is a prerequisite to the appellate jurisdiction of the district court. The appeal bond must also be filed within such time, unless the failure to so file it is occasioned by mistake. The mistake, as here, may be one of law. If such mistake is established, and the notice of the appeal has been filed in good faith and in due time, the appellant may be authorized by the district court to file an appeal bond, on such terms as may be just.

The cases of Schaffer v. Troutwein (1913) 36 Okla. 653, 129 P. 696, and Barnes v. Logsdon, supra, failed to observe this distinction and did not give effect to section 1414, and they are hereby overruled in so far as they are in conflict with the views we have expressed herein.

Bearing these legal principles in mind, we are of the opinion that plaintiff is entitled to perfect his appeal by the filing of a bond, and the district court may permit this to be done either by an order requiring the county judge to approve the appeal bond filed August 14th, if found sufficient, or if found insufficient, to approve a new bond, or the district court may permit the execution and filing of a bond in the district court subject to its approval. The record and facts here show that plaintiff filed the notice of appeal in good faith and within ten days from the date of the order appealed from, and omitted to file the appeal bond within said period of time because of mistake, to wit: Frye's opinion that the filing of the appeal bond without first securing the approval of the county court would be ineffective for any purpose, or that the bond could not be filed until so approved. See In re Wah-Kon-Tah-He-Um-Pah's Estate (1924) 109 Okla. 126, 234 P. 210; In re Vasgaard's Estate, supra. The mistake is excusable in view of the circumstances showing his attempt to perfect the appeal, and the subsequent prompt efforts of plaintiff in securing additional counsel to assist in appealing the case for him, and in promptly filing this action and appealing from an adverse judgment. It would do violence to section 1414 to deny plaintiff a review, on appeal, of the merits of his cause in view of this record. It is the duty of the district court to require the county court to certify the proper records and papers to the district court.

Reversed and remanded, with directions

to proceed not inconsistently with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, CORN, DAVISON, and DANNER, JJ., concur. RILEY and GIBSON, JJ., dissent.