### In re COOPER'S ESTATE.
### COOPER, Adm'x, v. COOPER.

No. 28392. Feb. 14, 1939.

T. G. Chambers. for plaintiff in error.

C. L. Hill, for defendant in error.

DANNER, J. The administratrix of an

intestate estate, who is also his widow, appealed to the district court from an order of the county court denying her application to have the whole personal estate set aside to her under authority of section 1229, O. S. 1931, 58 Okla. St. Ann. sec. 317, which in substance requires that such estate be assigned for support of the widow and minor children when it does not exceed $1,500 in value. She failed to file the appeal bond required by section 1401, O. S. 1931, 58 Okla. St. Ann. sec. 725. The record does not disclose that the appellant at any time asked permission of the court to file an appeal bond out of time, or attempted to come under section 1414, O. S. 1931, 58 Okla. St. Ann. sec. 737. Nor did she assign any reason for failing to file bond, but relied on the filing of her bond as administratrix to give the court jurisdiction of the appeal. The district court heard the application on its merits, opposed by the mother and creditors, and likewise denied the application. The administratrix has appealed to this court.

The plaintiff in error has a dual status of relationship to the proceedings. She is both administratrix and an heir at law. As administratrix the judgment cannot be looked upon as being other than in her favor; as an heir at law the judgment is adverse to her, and it is obvious that in a real sense both her application and her appeal were as an heir at law.

The mere fact that she purported to appeal as administratrix, on the face of the pleadings, does not alter the fact that she in reality appealed as an individual, and under those circumstances sections 565, 1403, O. S. 1931, 12 Okla. St. Ann. sec. 985, 58 Okla. St. Ann. sec. 740 (to the effect, in reduced substance, that administrators need not give an appeal bond, their official bond answering that purpose), do not relieve the appellant from posting the required bond. Hunter v. Cooper, Adm'r, 173 Okla. 404, 48 P.2d 1079, 2d syllabus; and Barnes v. Logsdon, 178 Okla. 645, 63 P.2d 964, which to this extent was not overruled by Harjo v. Aubrey, infra.

There is a distinction between this case and cause No. 28330, entitled Newman Harjo v. Bob Aubrey, County Judge, decided by this court February 7, 1939. 184 Okla. 344, 87 P.2d 140. In the Harjo Case the court held that where an individual appellant, in good faith, gives notice of appeal, but through mistake omits to file the appeal bond, the district court, in view of section 1414, O. S. 1931, 58 Okla. St. Ann.

sec. 737, may permit an amendment to the proceedings by allowing the filing of an appeal bond out of time and on such terms as might be just. In the instant case, however, appellant did not make any request for permission to file an appeal bond out of time, but relied solely upon her bond as administratrix to give the court jurisdiction.

Since the district court lacked jurisdiction, its judgment is void, even though identical with that of the county court. It follows that the present appeal is from a void judgment. The only valid judgment in the case was that in the county court.

The appeal to this court is dismissed and the cause is remanded, with directions to the district court to vacate its judgment and dismiss the appeal to that court.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion.