**Laura Frazier Smith, Plaintiff in Error, v. Henry Gorham, Admr., Defendant in Error.**

1. APPEALS AND ERRORS—*what not essential to save questions for review in proceeding for probate of will.* Propositions of law need not be presented nor a motion for a new trial interposed to save for review questions arising upon an application to probate a will.

2. WILLS—*when valid.* An instrument which purports to dispose of a portion of the estate of the testator after his death, regardless of its form, is valid and entitled to probate if in accordance with the statute governing the execution of wills.

3. WILLS—*when several instruments constitute entire testamentary disposition.* Where a testator leaves two or more wills, each of which may be given some effect without denying effect to all the provisions of some of the others, all are entitled to admission to probate, as together constituting the last will of the decedent.

Petition to probate will. Error to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this

court at the May term, 1909.    Reversed and remanded.    Opinion
filed December 15, 1909.

HENRY I. GREEN, for plaintiff in error.

THOMAS J. SMITH and CHARLES R. IUNJERICH, for
defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

On March 19, 1908, two separate instruments, bear-
ing date respectively May 24, 1898, and July 18, 1898,
were filed for probate in the County Court of Cham-
paign county as the last will and testament of Josiah
Gorham. The said instruments are designated in this
record as "Exhibit 1" and "Exhibit 2;" and are in
the words and figures following:

EXHIBIT 1.

"I, Josiah Gorham, of the County of Champaign and
State of Illinois, being desirous of making some pro-
vision out of my estate for my niece Laura Frazier,
as a slight token of my appreciation for her kindness
to me.

Therefore, I give, devise and bequeath to my said
niece Laura Frazier, an annual allowance of $75.00
per year out of my estate, the same to be paid to her
in semi-annual installments of $37.50 each and to con-
tinue so long as she may live. Said payments to be
made on March 1st and September 1st of each year.

I hereby appoint and nominate my son, Henry Gor-
ham, as trustee to carry out the above provision, and
ask that he be not required to give bond as such.

In witness whereof, I have hereunto set my hand
and seal this 24th day of May, A. D. 1898.

JOSIAH GORHAM.    [SEAL.]"

F. H. BOGGS,
F. M. PHILLIPPI,
    Witnesses."

EXHIBIT 2.

"I, Josiah Gorham, of the City of Champaign, County
of Champaign and State of Illinois, for and in con-
sideration of past services, and for the kindness and

attention shown me by my niece, Laura Frazier, make the following provision for my said niece to be paid out of my estate after my death, that is to say:—

I give and bequeath to my said niece Laura Frazier, the sum of One Hundred and Fifty Dollars per annum, to be paid in installments of $50.00 each, every four months; the first installment to be due and payable four months after my death, and an installment of $50.00 to be due and payable every four months thereafter so long as my said niece shall survive me.

I hereby make and constitute my son Henry Gorham, trustee to carry out the provisions of this instrument, and I make said annuity a charge on my said estate.

In witness whereof, I have hereunto set my hand and seal this 18th day of July, A. D. 1898.

JOSIAH GORHAM.    [SEAL.]''

FRANK H. BOGGS,
F. M. PHILLIPPI,
Witnesses.''

Upon the hearing in the County Court both of said instruments were admitted to probate as the will of Josiah Gorham, and from the order admitting the same to probate an appeal was prayed and perfected to the Circuit Court, where upon a hearing probate was denied as to the instrument ''Exhibit 1,'' and allowed as to the instrument ''Exhibit 2.''

This writ of error is prosecuted to reverse the order of said court denying probate of the instrument ''Exhibit 1.''

It is insisted by defendant in error that the questions sought to be raised upon this record are not properly presented for review because of the failure of plaintiff in error to submit propositions of law to be held by the trial court, and also because plaintiff in error made no motion for a new trial. The provision of the Practice Act relating to the submission to the trial court of propositions of law has no application to a proceeding of the character here involved, nor was it necessary for plaintiff in error to file a motion for a new trial. Schofield v. Thomas, 236 Ill. 417.

The instruments in question purport to dispose of a portion of the estate of the testator after his death. They are signed by the testator and by two persons as witnesses, and were entitled to probate as the will of the testator upon the statutory proof being made. No particular form being prescribed for a will the instruments in question are not defective in that regard. Robinson v. Brewster, 140 Ill. 649; Boatman v. Boatman, 105 Ill. App. 40; Noble v. Tipton, 219 Ill. 182; Gump v. Gowans, 226 Ill. 635.

Defendant in error assigns no cross errors upon the ruling of the court admitting "Exhibit 2" to probate, and it is conceded that the necessary statutory proof was made to entitle said instrument to probate. The ground of the refusal of the trial court to admit "Exhibit 1" to probate is not disclosed by the record, but counsel for defendant in error assert that the court was moved to deny probate of said instrument because there was no sufficient proof of its execution, and we perceive no other ground upon which the action of the court could have been predicated.

It is unquestioned that both instruments were executed by Josiah Gorham, and that F. H. Boggs and F. M. Phillippi, who signed both of said instruments as witnesses, were credible witnesses within the meaning of the law. The attesting witness F. M. Phillippi being a non-resident of this state his testimony was taken by deposition, and it is conceded that his testimony met all of the requirements of the statute relating to the due execution and attestation of the instrument "Exhibit 1" as the will of Josiah Gorham. The attesting witness, F. H. Boggs, in addition to his oral examination had in open court, made his affidavit as a subscribing witness to said "Exhibit 1," wherein he stated, as follows: "That he was present and saw the said Josiah Gorham sign said will dated May 24, 1898, in his presence and that said testator acknowledged the same to be his act and deed; that he signed said instrument as witness at the request and in the

presence of said testator, and in the presence of F.
M. Phillippi; that he belives that said testator was of
sound mind and memory, of lawful age and under no
constraint at the time of signing and acknowledging
the same.'' On his oral examination the witness
Boggs testified in substance, that he had been a prac-
ticing lawyer in Champaign county since 1892, and
knew Josiah Gorham in his lifetime; that he had seen
both ''Exhibit 1'' and ''Exhibit 2'' before, and pre-
sumed that he had prepared ''Exhibit 1'' in his of-
fice; that he was a witness to both papers and pre-
sumed he prepared them both; that from his books
and records he presumed he had a transaction with
Josiah Gorham on the dates of both instruments; that
the signature on ''Exhibit 1'' was the signature of
Josiah Gorham made in his (the witness) presence and
in the presence of F. M. Phillippi, both of whom af-
fixed their signatures as witnesses in the presence and
at the request of Josiah Gorham, and that Josiah Gor-
ham was then of sound and disposing mind. Every
element necessary to establish the due execution and
attestation of the instrument ''Exhibit 1,'' as the will
of Josiah Gorham, was proven upon the hearing and
the court was in error in refusing to admit the same
to probate.

The two papers are neither inconsistent nor irre-
concilable, and the instrument bearing the later date
contains no clause revoking the instrument bearing the
earlier date. In an elaborate note to Graham v.
Burch, 28 Am. St. Rep. 339, entitled ''Revocation of
Wills,'' under the subdivision entitled, ''Revocation
by Subsequent Writing,'' numerous authorities are
cited in support of the rule that where a testator leaves
two or more wills, each of which may be given some
effect without denying effect to all the provisions of
some of the others, all are entitled to admission to
probate, as together constituting the last will of the
decedent. In Gordon v. Whitlock, 92 Va. 723, it was
said: ''The mere fact of making a subsequent testa-

mentary paper does not work a revocation of a prior one in the absence of an express revocation, unless the two are incapable of standing together. A will need not be confined to one paper, but may consist of several testamentary papers of different dates, and executed and attested in different ways, and at different times. The expression in the subsequent will, "This is my last will," is not entitled to any weight. If the subsequent paper is merely supplemental, it will be treated as a codicil; if partially conflicting, that of later date will operate to revoke the former so far as the provisions of the two are conflicting or incompatible. But, in the absence of a clause of revocation, the court will adopt that construction which will give effect to all the testamentary papers, if possible, sacrificing the earlier papers only so far as clearly irreconcilable with the later." The same doctrine is announced in Page on Wills, secs. 268-269.

The order of the Circuit Court denying probate of the instrument "Exhibit 1," is reversed and the cause remanded with directions to that court to admit said instrument to probate.

*Reversed and remanded.*

MR. JUSTICE PHILBRICK took no part.