Woodfin *et al. v.* Union Planters Nat. Bank & Trust Co.

(*Nashville,* December Term, 1938.)

Opinion filed March 4, 1939.

JOHN D. MARTIN, JR., of Memphis, HOWARD COCKRILL, of Little Rock, Ark., W. W. SHARP, of Brinkley, Ark., and JOHN A. SHERRILL, of Little Rock, Ark., for plaintiff in error.

CANADA & RUSSELL, EDWARD F. BARRY, and KING, TAYLOR & KING, all of Memphis, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

John Gazzola, a resident of Brinkley, Arkansas, died October 9, 1937. He left two wills. January 12, 1933, he executed a will in which he made specific bequests of one hundred and thirty thousand dollars and passed the remaining portion of his estate by a residuary clause to the Sisters of St. Vincent's Infirmary, and other like charities. By this will, he disposed of all his property,

both real and personal. In addition to his real and personal property in Arkansas, valued at five hundred thousand dollars, the testator had personal property at the time of his death at Memphis, Tennessee, in the custody of the defendant bank, of the value of four hundred thousand dollars.

July 2, 1937, Gazzola executed another will disposing of the assets in the custody of the Union Planters National Bank & Trust Company of Memphis. It was not prepared as a codicil. It is a will, complete in detail, accurate in form, but expressly limited to a disposition of the testator's personal property in custody of the Memphis bank. This will contains no revoking clause, although it recites that it is a last will.

Upon the death of John Gazzola, the will of July 2, 1937, was admitted to probate in Shelby County. Meantime, the will executed January 12, 1933, was probated at the testator's domicile in Arkansas, and the executors under that will filed a petition in the Probate Court of Shelby County to set aside the probate of the will of July 2, 1937. The documents will be hereafter referred to as the Arkansas Will and the Memphis Will. It may be noted here that the testator appointed executors under both wills, and limited the control of the Memphis executor to assets in custody of the Union Planters Bank and directed their distribution to Amelia Lavezzo and seven other beneficiaries.

The petition filed by the executors under the Arkansas Will, seeking to set aside the probate of the Memphis Will, was dismissed by the Probate Court, and upon appeal the judgment was affirmed by the Court of Appeals. The cause is here upon petition for *certiorari*. No question is made as to the regularity of either will. Each

conforms to the laws of the State where executed. The Memphis Will does not undertake to dispose of any portion of the estate in Arkansas or elsewhere, but expressly limits disposition to assets in custody of the Union Planters National Bank & Trust Company. The effect of the Memphis Will was to reduce the amount of the testator's estate that would have passed under the residuary clause of the Arkansas Will, and to that extent the Memphis Will revoked provisions of the Arkansas Will.

The petitioners insist that the Court of Appeals erred in refusing to reverse the judgment of the Probate Court (1) because the judgment of the Probate Court of Arkansas setting up the Arkansas Will is conclusive of the fact that it is the will of John Gazzola, and that judgment must by laws of comity be recognized by the Tennessee court; (2) because the Probate Court of Shelby County was without jurisdiction to accept for probate the Memphis Will of the testator whose domicile was in Arkansas and who had no real estate in Shelby County; and (3) the probate was void because code sections regulating the probate of foreign wills supply an exclusive remedy and forbid the exercise of original jurisdiction by the courts of this State over the probate of foreign wills.

It is true as insisted by petitioners that under our statutes a will probated in another State may be recorded in any county of this State where the testator owned property and when so recorded is given the force and effect of the original; and that probate proceedings of the foreign State are proceedings *in rem* and conclusive upon all persons having an interest under the foreign will; but statutes providing for the recording of wills probated in another State impose no limitation up-

on the jurisdiction of our courts over the original probate of wills made elsewhere and which dispose of property in this State. The object of the statutes regulating the admission of records of probate from the courts of another State was to avoid the difficulty that often occurred by reason of the original will being lodged as a permanent record in the court at testator's domicile and preventing its removal to other States for probate where the testator left property that passed under the will. The existence of such statutes however and their application for the purposes designed would not in any degree impair the jurisdiction of the County Court over the probate of an original will.

"Our courts of probate [the county courts] are not inferior, in the technical sense of that term, as used upon this subject at common law, nor is their jurisdiction special and limited; on the contrary, it is general, original and exclusive. . . . 'Nothing shall be intended to be out of the jurisdiction of a supreme court, but that which appears specially to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is so expressly alleged.' Our courts of probate fall under the first category in this rule set forth." *Brien* v. *Hart*, 25 Tenn. (6 Humph.), 131, 133.

██ ██ Such was the power of the probate courts in the exercise of their common law jurisdiction, and we do not find that jurisdiction materially circumscribed or changed by statute, except in matters of procedural detail. The place for the probate of wills of residents is controlled by Code, section 8099, which reads:

"Wills shall be proved and recorded and letters testamentary granted in the county court of the county

where the testator had his usual residence at the time of his death; or, in case he had fixed places of residence in more than one county, in either or any of said counties.''

It is apparent that this section could not apply in case of non-residents' wills. Its object was to fix the local jurisdiction for the probate of wills of resident testators in the county where the testator had his usual residence at the time of his death, or, in case of more than one fixed residence, in either of the counties where the testator resided.

 Under principles of the common law, the State controls the administration of estates as to property within its jurisdiction, and the jurisdiction to probate a will in which the testator clearly expressed his intention to dispose of property located in the State, to be distributed by a local testamentary administrator to residents of the locality, would seem to lie in the county where the property was situated. It cannot be concluded from a consideration of our decisions or statutes that the probate of the Arkansas Will by the Arkansas court established that will as the last will of the testator to the exclusion of the Memphis Will executed under circumstances shown by the record, nor can it be concluded that the judgment of the Arkansas court would operate to exclude probate jurisdiction in Shelby County over the Memphis Will which expressly limits its provisions to the disposition of specific property in custody of the Union Planters Bank & Trust Company in Memphis. The existence of property within the State belonging to the estate of a deceased person, is the fact which gives jurisdiction to the probate court, and the principle has universal application that every State has plenary power with respect to the administration and disposition of the

estates of deceased persons as to all property of such persons found within its jurisdiction. *Estate of Clark*, 148 Cal., 108, 82 P., 760, 1 L. R. A. (N. S.), 996, 113 Am. St. Rep., 197, 7 Ann. Cas., 306. That principle seems to have been recognized by the testator by his will expressing the intention to distribute his Tennessee property through administrators of the locality. In *Williams* v. *Saunders*, 45 Tenn. (5 Cold.), 60, 61, it is said that a will duly probated by the court of another state is conclusive upon all persons claiming under the will, but here the beneficiaries are not claiming under the Arkansas Will but under a will executed with equal solemnity to the Arkansas Will, clearly expressing the intention of the testator to limit his disposition of property to that located in Memphis and in custody of the bank. So the determinative question is, whether or not a testator can make and have executed two wills in different states where his property is located. Originally, if two or more wills were found upon the testator's death, the last revoked the first even though it contained no revoking clause. In this instance, the testator did not insert a revoking clause in the Memphis Will thereby indicating his purpose to make a will independent of the Arkansas Will.

In Sizer's Prichard on Wills, section 247, it is said a man may make more than one testamentary paper, all of which may constitute his will, but it is a necessary consequence of the rule that a posterior will is a revocation of a former will so far as it is inconsistent with the first. The last will affects the first only to the extent of the inconsistency between the two, and insofar as they are consistent, the two may be taken conjointly as the will of the testator. This is true only where the latter will

contains no express revocation clause. This does not answer the question before us. We find no Tennessee authority. But in Thompson on Wills, page 1916, section 29, it is said:

"A testator may make separate wills respecting property in different jurisdictions. Thus he may make two wills, one relating to property in the jurisdiction where he lives, and afterward one relating to property in a foreign country, and the two wills will be deemed independent documents. In each the testator should declare that it should apply only to the property in a certain jurisdiction. The testator may appoint a different executor in each will and the courts of each jurisdiction will grant probate of the will relating to the property which is within their jurisdiction at the date of the testator's death."

This proposition is supported by Volume 1, Schouler on Wills, section 392, page 467; Woerner's American Law of Administration, Volume 2, page 749; *Smith* v. *Gorham,* 152 Ill. App., 125; *Thompson* v. *Parnell,* 81 Kan., 119, 105 P., 502, 33 L. R. A. (N. S.), 658; and Jarman on Wills (6 Ed.), 171. And, in 1 Page on Wills, section 529, page 873, we find this:

"If testator has executed separate wills for his property in different states, the state in which he is not domiciled may admit to probate the will which disposes of property in that state, although it has not been probated in the state of testator's domicile. A statute which provides for admitting to record a properly certified copy of a foreign will, does not prevent such court from exercising jurisdiction to admit a foreign will to original probate.

"After a court of the state where the property is, has admitted a will to probate, it is not bound to follow the

adjudication of the court of testator's domicile if it subsequently refuses to admit such will to probate on the ground that it is invalid.''

So we concur in the conclusion of the Court of Appeals that the testator executed two wills, intending by that means to dispose of his property in Arkansas to one class of beneficiaries and to dispose of his property in Tennessee to another class of beneficiaries, and that the probate courts of each State had jurisdiction to grant the probate of the separate wills and issue letters testamentary to the executors appointed under each will. This is necessarily so because neither will is dependent upon the other; neither relates to the other or depends on the other; and in such case, it is said in 68 Corpus Juris, page 924, that where a testator having property in separate States or countries makes separate wills thereof, the foreign will cannot be probated in the State or country of the testator's domicile unless it is dependent in some way on the domestic will, nor can the domestic will be probated in the foreign State or country unless it relates to or depends on the foreign will.

Writ denied.