In re MO-SE-CHE-HE'S ESTATE.
DUNCAN v. WHITE.

No. 33740. Dec. 6, 1949.
Rehearing Denied Jan. 17, 1950.
Second Petition For Rehearing Denied Jan. 31, 1950.

*213 P. 2d 855.*

---

J. C. Cornett, of Pawhuska, H. R. Duncan, of Oklahoma City, Fellows & Fellows, of Tulsa, Aaron Mesirow and Hervey, May & Owens, all of Oklahoma City, for plaintiff in error.

H. P. White, of Pawhuska, for defendant in error.

Joe T. Dewberry, of Afton, Arnold T. Fleig, of Oklahoma City, Samuel A. Boorstin, of Tulsa, Eugene B. Smith, of Sapulpa, H. W. Conyers, of Tulsa, A. M. Widdows, of Tulsa, W. Hendrix Wolf, of Stillwater, Bulla & Bynum, of Oklahoma City, and J. B. Moore, of Ardmore, amici curiae.

JOHNSON, J. Mo-se-che-he died about June, 1934. Thereafter the county court of Osage county appointed W. C. Tucker and Leah Duncan joint administrators of her estate. They acted as joint administrators until the death of W. C. Tucker on March 22, 1947. Thereafter, certain parties claiming to be heirs of Mo-se-che-he petitioned the county court for the appointment of H. P. White as co-administrator to succeed W. C. Tucker, deceased. Albert Fierro, otherwise known as Jack Rogers, surviving husband of deceased, and Leah Duncan, the surviving administratrix, filed a plea to the jurisdiction of the county court, asserting "that Leah Duncan is now the duly qualified and acting administratrix of said estate, and this court is without jurisdiction to issue Letters of Administration to any other person."

The plea to jurisdiction was denied, and the county court entered an order appointing H. P. White co-administrator as successor to said W. C. Tucker. Leah Duncan appealed to the district court from this order. Thereafter, H. P. White filed a motion in the district court to dismiss the appeal from the county court upon the grounds: (1) "The appellant, Leah Duncan, has filed no appeal bond in the county court or in the district court"; (2) "That said appeal, or attempted appeal, is not in the 'interest of,' or for the benefit of the estate of said Mo-se-che-he, deceased, but is detrimental to the interests of said estate. . ."; and (3) "That written notice of appeal was not served on the Superintendent of the Osage Indian Agency, a jurisdictional requirement."

Leah Duncan responded to said motion to dismiss, alleging among other things that due service was had upon the Superintendent of the Indian Agency and that acknowledgment thereof in writing was endorsed on said notice by said superintendent.

Upon hearing the said motion and response thereto, the district court found and held that Leah Duncan served a copy of her notice of appeal on the Superintendent of the Osage Indian Agency; it further found that no appeal

bond was filed by appellant but that appellant contends that she had a right to appeal from the order complained of without giving bond other than that given as administratrix in qualifying as such. The district court further found: "that the appeal, or attempted appeal . . . was not taken in the interest of the estate, but wholly in the interest personally of the appellant." The district court then held: "that the appellate jurisdiction of this court has not been invoked, and that this court is without jurisdiction to try this case on appeal, and the appeal, or attempted appeal, is hereby dismissed at the cost of the appellant."

After unsuccessful motion for a new trial, Leah Duncan appeals to this court by petition in error and case-made.

Defendant in error filed a motion to dismiss the appeal in this court upon the grounds that the appeal is in the personal interest of the appellant only and is not in the interest of the estate or in order to preserve or protect the estate; that no appeal bond was given or filed for want of which the district court acquired no jurisdiction, and in turn this court acquired no jurisdiction; and "that the appeal is frivolous and without merit and should be dismissed for that reason alone."

October 26, 1948, this court, by order, denied the motion to dismiss the appeal. Defendant in error had renewed the motion, and both sides had briefed the question, and upon further consideration we think the motion to dismiss should be denied.

It is conceded that no separate appeal bond was filed in the county court or in the district court. Plaintiff in error contends that the original bond given by the two original joint administrators is still effective as to her, and that since the matter was heard in the county court she has given an amended bond which provides:

"It is further provided that this bond is executed in compliance with Sec. 174, Title 58, of Oklahoma Statutes of 1941, and shall be considered amendatory of a joint bond executed by W. C. Tucker and Leah Duncan as administrators of the estate of Mo-se-che-he, deceased, on the 8th day of October, 1935, and this bond as amendatory of the bond executed on the 8th day of October, 1935, shall constitute a separate bond of the principal as provided by Sec. 174, Title 58 of Oklahoma Statutes of 1934, and the obligation hereof shall relate back to the date of the execution of said bond on the 8th day of October, 1935, and become effective as of said date of the 8th day of October, 1935, as though this bond had been executed on that date."

The bond as administratrix filed by Leah Duncan was sufficient to enable her to qualify as administratrix, and two questions remain for determination. First, does the county court have jurisdiction where one of two administrators to whom letters of administration are granted dies, leaving one administrator (administratrix) surviving, to appoint a successor to such deceased administrator? and, second, if such power does not exist in the county court, may the surviving administrator appeal to the district court from an order of the county court making such appointment without giving an appeal bond as provided for under the provisions of 58 O.S.A. §740 and 58 O.S.A. §985.

Any power the county courts of this state have is governed by statute. 58 O. S. A. §1 provides:

"The county court has probate jurisdiction, and the judge thereof power, which must be exercised in the cases and in the manner prescribed by statute; . . .

"2. To grant letters testamentary of administration and of guardianship, and to revoke the same."

We have statutory authority for the appointment of more than one administrator, but no specific statutory provision exists authorizing the appointment of another or successor administrator in a case such as here. 58 O. S. A. §220 provides:

"In case any one of several executors or administrators, to whom letters are granted, dies, becomes lunatic, is convicted of an infamous crime or otherwise becomes incapable of executing the trust, or in case the letters testamentary or of administration are revoked or annulled, with respect to any one executor or administrator, the remaining executor or administrator must proceed to complete the execution of the will or administration."

58 O. S. A. §221 provides:

"If all such executors or administrators die or become incapable, or the power and authority of all of them are revoked, the proper court must issue letters of administration, with the will annexed or otherwise, to the widow or next in kin, or others, in the same order and manner as is directed in relation to original letters of administration. The administrators so appointed must give bond in the like penalty, with like sureties and conditions as hereinbefore required of administrators, and shall have the like power and authority."

Obviously, this is not a case prescribed by statute in which any power is conferred upon the county court. Section 220, supra, provides: "The remaining administrator 'must' . . . complete . . . the administration." Section 221, supra, provides: "If 'all' such . . . administrators die . . . the proper court must issue letters of administration . . . in the same order and manner as . . . original letters of administration. The administrator so appointed must give bond . . . as . . . required of administrators and shall have the like power and authority." The county court, once having appointed an administrator or administrators of an estate, must thereafter proceed "in the cases and in the manner prescribed by the statute."

By force of the statute, section 220, supra, Leah Duncan, upon the death of W. C. Tucker, became the sole administratrix of the estate. Until the office became vacant by her resignation or otherwise, the county court was without power to make a second grant of

letters of administration. 21 Am. Jur. 450, §127.

The office of administrator here not being vacant, the county court was without power to appoint another administrator, and its action in so doing was erroneous. An appeal from such order, the effect of which is to place the one illegally appointed in possession of the assets of the estate, is an appeal in the interest of the estate.

Reversed and remanded, with directions to enter an order vacating the appointment of H. P. White as co-administrator and sustaining the plea of plaintiff in error.

WELCH, CORN, LUTTRELL, and HALLEY, JJ., concur. DAVISON, C.J., and GIBSON and O'NEAL, JJ., dissent.

O'NEAL, J. (dissenting). I am unable to agree with the majority opinion and consider the questions of sufficient importance to warrant the exposition of my reasons for dissenting.

The facts, and applicable law in the case, as I view them, are:

Mo-se-che-he, Osage Allottee No. 34, a fullblood, restricted Indian, died about June, 1934. On October 9, 1935, the county court of Osage county appointed W. C. Tucker and Leah Duncan joint administrators of the estate of said Mo-se-che-he. They qualified by giving a joint bond and acted as joint administrators until the death of W. C. Tucker on March 22, 1947. Thereafter certain parties claiming to be heirs of Mo-se-che-he applied to the county court for the appointment of H. P. White as co-administrator to succeed W. C. Tucker, deceased. Albert Fierro, otherwise known as Jack Rogers, surviving husband of deceased, and Leah Duncan, the surviving administratrix, filed their "Plea to Jurisdiction" of the county court, asserting "that Leah Duncan is now the duly qualified and acting Administratrix of said estate, and this court is without jurisdiction

to issue Letters of Administration to any other person."

The plea to jurisdiction was denied and the county court entered an order appointing H. P. White co-administrator as successor to said W. C. Tucker. Leah Duncan gave notice of appeal from the order appointing H. P. White co-administrator to succeed W. C. Tucker. Therein she stated the grounds of appeal are "on questions of both law and fact." Transcript of the proceedings in the county court were filed in the district court on May 17, 1947. Thereafter H. P. White filed a motion in the district court to dismiss the appeal from the county court upon the grounds: (1) The appellant, Leah Duncan, has filed no appeal bond in the county court or in the district court; (2) "That said appeal, or attempted appeal, is not in the 'interest of', or for the benefit of the estate of said Mo-se-che-he, deceased, but is detrimental to the interests of said estate . ."; and (3) That written notice of appeal was not served on the Superintendent of the Osage Indian Agency, a jurisdictional requirement.

Leah Duncan filed a response to said motion to dismiss alleging among other things that written notice of said appeal was served upon the Superintendent of the Indian Agency in due time and that acknowledgment of such service in writing was endorsed on said notice by said Superintendent.

Upon hearing of said motion and response thereto, the district court found and held that Leah Duncan filed her written notice of appeal and served a copy thereof on the Superintendent of the Osage Indian Agency. The district court further found that no appeal bond was filed by appellant but that appellant contends that she had a right to appeal from the order complained of without giving bond other than that given as administratrix in qualifying as such. The district court further found: "that the appeal, or attempted appeal, in this case was not taken in the interest of the estate, but wholly in the interest personally of the appellant." The district court then held: "that the appellate jurisdiction of this court has not been invoked, and that this court is without jurisdiction to try this case on appeal and the appeal, or attempted appeal, is hereby dismissed at the costs of the appellant."

After unsuccessful motion for a new trial Leah Duncan appeals to this court by petition in error and case-made.

Defendant in error filed a motion to dismiss the appeal in this court upon the grounds that the appeal is in the personal interest of the appellant only and is not in the interest of the estate or in order to preserve or protect the estate; that no appeal bond was given or filed for want of which the district court acquired no jurisdiction, and in turn this court acquired no jurisdiction; and "That the appeal is frivolous and without merit and should be dismissed for that reason alone."

October 26, 1948, this court, by order, denied the motion to dismiss the appeal. Defendant in error has renewed the motion and both sides have briefed the question, and I think the motion to dismiss is well taken and should be sustained.

It is conceded that no separate appeal bond was filed in the county court or in the district court. Plaintiff in error contends that the original bond given by the two original joint administrators is still effective as to her and that since the matter was heard in the county court she has given an amended bond which provides:

"It is further provided that this bond is executed in compliance with Sec. 174, Title 58, of Oklahoma Statutes of 1941, and shall be considered amendatory of a joint bond executed by W. C. Tucker and Leah Duncan as administrators of the estate of Mo-se-che-he, Osage allottee No. 34, deceased, on the 8th day of October, 1935, and this bond as amendatory of

the bond executed on the 8th day of October, 1935, shall constitute a separate bond of the principal as provided by Sec. 174, Title 58, of Oklahoma Statutes of 1934, and the obligation hereof shall relate back to the date of the execution of said bond on the 8th day of October, 1935, and become effective as of said date of 8th day of October, 1935, as though this bond had been executed on said date."

Conceding that the original bond given jointly with W. C. Tucker is still effective as to Leah Duncan or that the amendatory bond renders it effective, it does not follow that it was sufficient to sustain an appeal such as is here involved.

Plaintiff in error relies upon 12 O.S. 1941 §985, and 58 O. S. 1941 §740. 12 O. S. 1941 §985, supra, provides:

"Executors, administrators and guardians who have given bond in this State, with sureties, according to law, are not required to give an undertaking on appeal or proceedings in error."

And 58 O. S. 1941, §740 provides:

"When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in place of an appeal bond, and the sureties therein are liable as on such appeal bond."

These sections have been held to apply only where the appeal is taken in the interest of the estate. Hunter v. Cooper, 173 Okla. 404, 48 P. 2d 1078; Allen v. Kinder, 150 Okla. 156, 300 P. 653; and Arnold v. Richardson, 90 Okla. 220, 217 P. 381.

In Hunter v. Cooper, supra, it is held:

"The appeal bond required by sections 1401 and 1402, O. S. 1931, is jurisdictional, and before the district court can hear and determine the merits of the cause, its appellate jurisdiction must be invoked by strict compliance with the requirements of the statute regulating such appeals."

And:

"Section 1403, O.S. 1931 (same being 1429, C.O.S. 1921), giving the right to executors and administrators to appeal without bond, applies only where the appeal is taken in the interest of the estate, and does not apply where the appeal is taken by the executor or administrator from an order disapproving certain items of his final account and disallowing the same as a charge against the estate."

When an executor or administrator appeals from a judgment, decree or order of a county court or a judge, made in proceedings had upon the estate of which he is executor or administrator, he does not act as an individual but in a representative capacity. In so doing he represents the estate and his action is in the interest of the estate. It is in effect the appeal of the estate. In such cases he is not required to give an undertaking on appeal. Fuller v. Fuller's Estate, 7 Colo. A. 555, 44 P. 72.

But in this case the order of the county court appointing H. P. White co-administrator to succeed W. C. Tucker, deceased, does not affect the estate one way or the other. It does not tend to lessen or increase the property of the estate or the value thereof. Only the individual interest of Leah Duncan is involved. It is not a probate matter. There is statutory authority for the appointment of more than one administrator.

The majority opinion is based on the theory that although the statutes authorize the county court to initially, or in the first instance, appoint more than one administrator of an estate, the county court having once exercised the power, operates to exhaust the jurisdiction of the court, and the power may not be exercised a second time, although one of the administrators dies, resigns, or becomes incompetent to perform the duties of the office.

Section 101, Title 58 O.S. 1941, specifically authorizes the appointment of

more than one executor. It is as follows:

"The court admitting a will to probate after the same is proved and allowed, must issue letters thereon to the persons named therein as executors, who are competent to discharge the trust, who must appear and qualify unless objections be made as provided in Section 6146."

Section 122, Title 58, O.S. 1941, specifically authorizes the appointment of more than one administrator. It is as follows:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order: . . ."

There are five other sections of the probate code that either specifically, or by necessary implication, authorize the appointment of plural administrators. They are sections 107, 134, 174, 220, and 221, Title 58, O.S. 1941.

The majority opinion states that there is statutory authority for the appointment of more than one administrator, then in effect holds that section 220, supra, is a limitation on the power of the county court to make a second appointment of more than one administrator under the facts and circumstances of the case under consideration.

As I view the matter, section 220, supra, is not a limitation on the power of the county court, on the death of one of two or more administrators, to appoint a competent person as successor to the deceased one.

The purpose of said section is to remove any doubt the survivor might have as to his power and authority to proceed with the administration until a successor of the deceased one is appointed by the county court, and makes it his duty to do so, pending the appointment of a successor.

It seems clear that if the county court may not exercise this power except in the first instance, then some of the sections above referred to are entirely unnecessary and meaningless.

Suppose a situation of this kind: In the first instance, due to the nature of the case, the county court deems it to the best interest of all concerned and does appoint more than one administrator, then, after they qualify, both die? Then section 221, supra, becomes operative. Under that section the county court must issue letters of administration with the will annexed, or otherwise, to the widow, or next of kin, *or others,* in the same order as provided by section 122, supra. "Or others," as used in section 221, supra, of necessity, means any person or persons legally competent, and the county court has the power to again appoint two or more administrators.

Again, suppose in the first instance the nature of the case was such that the county court decided to and did appoint two administrators. Then, within two days after they qualified, one of them died. The same reasons that impelled the county court to appoint two administrators in the first instance still exist. Should it be said because the county court has once exercised this power to appoint two administrators, its power and jurisdiction is exhausted, and it may not appoint a successor to the deceased one? I think not. There is nothing in the statutes that expressly, or by implication, prohibits such an appointment.

Under the record and the authorities above cited, I am of the opinion that the district court acquired no jurisdiction in the matter and the appeal should be dismissed.