CHARLES E. ROBERTSON *v.* MERRILL A. ROBERTSON.

*(Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

Petition for Rehearing denied September 6, 1954.

Boyd E. Harvey, of Nashville, for plaintiff.

M. S. Ross, of Nashville, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

A petition was filed herein in the court below to have revoked and contested the will of Lena L. Robertson. A demurrer, really, to the jurisdiction of the court was filed, which the County Judge overruled, and the appeal to this Court resulted.

The testatrix died at Oxan Hill, Maryland, January 30, 1941. Her will was probated on August 12, 1941, in the Orphan's Court of Prince George's County, Maryland, which is the county in which the testatrix died. The probate of the will was never contested or questioned for more than seven years. After that, the executor, Charles E. Robertson, one of the children of the testatrix, in September, 1948, duly probated the will in Davidson County, Tennessee, as a foreign will. It appears that the testatrix owns some real estate in Davidson County.

The petition makes no attack on the regularity of the proceedings, but insists that under our law a contest is permissible here.

The petition alleged that the petitioner advised that the probate in Maryland should be revoked and that the will should be contested on an issue of devisavit vel non in the Circuit Court on the ground that her mental faculties were impaired and that she was not competent to make a will.

As before stated, the executor demurred to the bill, which was overruled.

The case presents a question of law as to whether the ancillary probate of a foreign will in Tennessee, under the provisions of Chapter 77, of the Acts of 1919, may be certified for contest when the original probate in the foreign state is final. The trial judge held that the ancillary probate of the will could be contested in Davidson County.

Section 8118 of the Code provides:

"Any person interested to contest the validity of such will as to realty may do so in the same manner and time limit as though it had been originally presented for probate in said court."

(1-3) We think Section 8118 has reference to unprobated wills from other jurisdictions, not to wills properly executed and probated according to the laws of another state. It was expressly so held in *Epperson* v. *Buck Inv. Co.*, 176 Tenn. 358, 364, 141 S. W. (2d) 887; 131 A. L. R. 1025 note.

Under our statutes a will probated in another state may be recorded in any county of this State, where the testator owned property, and when so recorded is given the force and effect of the original; and that probate proceedings of the foreign state are proceedings in rem and

conclusive to all persons having an interest under the foreign will. *Woodfin* v. *Union Planters National Bank & Trust Co.,* 174 Tenn. 367, 371, 125 S. W. (2d) 487.

█ Furthermore, in addition to all that has been said above, we think the petitioner has been guilty of laches in attempting to institute the contest. The judgment of the lower court is reversed and the petition is dismissed with cost.

### On Petition to Rehear.

We are now confronted with the petition to rehear which complains that the question of jurisdiction was not discussed in our opinion delivered on July 23, 1954, at Nashville.

What we held was that where a will has been duly probated in a foreign jurisdiction it cannot be reprobated here for the purpose of contest. That under our decisions the right to contest here was based on foreign unprobated wills, so that we held in the present case that the County Court of Davidson County had no jurisdiction to certify the present will for contest in the courts of this State.

We further observed that the will had been duly probated in the State of Maryland for more than seven years before this proceeding was instituted.

The petition must be overruled.