Dorothy Mary MITCHELL, Appellant,

v.

John A. CLOYES, Mary Beth Smith, and Constance Evelyn Wheeler, Appellees.

No. 53188.

Supreme Court of Oklahoma.

Dec. 2, 1980.

Crieg Rittenhouse, Rizley & Rittenhouse, Woodward, for appellant.

Tom Hieronymus, Hieronymus, Hodgen, Halley & Meyer, Woodward, for appellees.

WILLIAMS, Justice.

The single question presented for our determination in this appeal is whether or not the district courts of this State have jurisdiction to grant original probate of a will disposing of real property in Oklahoma when the testator, a Kansas resident, executed his will in Kansas and also died there.[1]

---

1. Article VII Section 7, Oklahoma Constitution, abolished all existing trial courts with certain special exceptions and provided that district courts shall have unlimited original jurisdiction of all justiciable matters, including probate proceedings, except as otherwise provided in that article. See *Russell v. McGinn*, 514 P.2d 658 (Okl. 1973).

Dorothy Mary Mitchell, the petitioner in the trial court and appellant in this appeal was a sister of the testator, Arthur Pearson Cloyes. On March 27, 1978, she filed a "Petition for Probate of Will" in Ellis County District Court.[2]

On May 18, 1978, a "Contest of Wills, Objection to Administration of Wills to Probate in Oklahoma, and Motion to Dismiss" was filed by the appellees.[3]

Petitioner thereafter filed her "Answer to Objections."[4]

In hearing on the petition to probate the will held December 14, 1978, counsel for the petitioner and contestants, appellees stipulated and agreed to the following: that the will was made and executed according to law; that at the time of the execution of the will decedent was not acting under duress or fraud; and was domiciled in Kansas prior to and at the time of his death; and that he owned mineral interests in Ellis County, Oklahoma.

Trial court and counsel agreed the question before the court was whether it had jurisdiction (to admit the will to probate).

The single witness called in the hearing, Dorothy Mary Mitchell, testified that her brother, the deceased, was a Kansas resident and had died there; and that he left mineral interests in Ellis County, Oklahoma. She identified the will involved as that of Arthur Pearson Cloyes.

She stated the deceased had given her possession of the will in 1962 or 1963, that after his death a named attorney advised her not to offer the will for probate in Kansas and that she had not done so. She said she was aware at that time there was property in Oklahoma.

Her stated reason for not offering the will for probate in Oklahoma was that another named attorney likewise had advised her it was not necessary. The witness also stated she was aware of the fact that the State of Kansas had a one–year period of time within which to file a will for probate.

No further evidence was offered to the trial court and the attorney for the contestants moved that the court dismiss the petition for probate of the will for the reason the court lacked jurisdiction to admit the foreign will to an original probate in the State of Oklahoma.

The trial court sustained the motion to dismiss, specifically finding the decedent to have been a resident of Kansas, that the will had been offered for probate in Kansas and was not admitted for the reason that the offer was not made within the Kansas statutory period of time, and that the trial court was without jurisdiction to admit the will to original probate in Oklahoma.

Petitioner appeals and alleges the trial court erred in finding that it was without jurisdiction to admit the will to probate.

**2.** Petition alleged that Arthur Pearson Cloyes died October 20, 1966, a resident of Kansas and the deceased left property in Ellis County, Oklahoma.

It was further alleged that deceased left a last will and testament dated June 23, 1962, the original of which was attached to said petition and that appellant was nominated as executrix by said will. Her final allegation stated that the deceased left as his sole heirs at law the appellant, Dorothy Mary Mitchell, and the appellees, contestants, being a son and two daughters.

**3.** In this pleading it was alleged that at the time of the making of the will in question "Arthur Pearson Cloyes was under undue influence, menace and duress" brought about by the appellant. It also alleged that Arthur Pearson Cloyes was a Kansas resident at the time his

will was purportedly executed, and "that his estate has been duly probated in the Probate Court of Butler County, Kansas, in Case No. 25,680 in October, 1973, and that said will was not offered for probate in the State of Kansas, and by reason thereof the same is barred by limitations under the statutes of the State of Kansas and this court is without jurisdiction to admit said will to probate in the State of Oklahoma."

**4.** The petitioner denied that at the time of execution of his will the deceased was under any undue influence, menace and duress. She further denied that the estate had been probated in the State of Kansas and stated that said will was not offered for probate. Petitioner also denied that the district court was without jurisdiction to admit the will to probate.

In her brief in chief, she states four propositions. They are that first, the district court was granted jurisdiction by statute to admit a foreign will to probate; second, Oklahoma's ancillary probate statutes do not impair jurisdiction of the district courts over probate of an original will; third, no application was ever made to probate said will in Kansas and hence it was never denied probate there; and fourth, that the Kansas one–year statute of limitation does not control in Oklahoma.

Appellees in their answer brief counter–propose only that there can be no original probate in Oklahoma of a foreign will. They point out jurisdiction of the district courts in probate over the estates of deceased persons is set forth at 58 O.S. 1971 § 1. This section in pertinent part provides that those courts have probate jurisdiction, "1. to open and receive proof of last wills and testaments and to admit them to proof and to revoke the probate thereof, and to allow and record foreign wills."

Appellees contend the above quoted language of § 1 when considered together with those statutes providing for ancillary probate, 58 O.S. 1971 §§ 51 and 53, and 58 O.S. 1980 Supp. § 52,[5] requires a conclusion that "if the will is foreign, it may be probated in ancillary proceedings here" only.

A case appellees cite in support of this contention, *Youngblood v. Rector*, 126 Okl. 210, 259 P. 579 (1927), they say involved the "identical" issue now before us.

In *Youngblood v. Rector* the decedent had lived in both Oklahoma and Missouri and had left an estate subject to probate in each. His will, executed in Missouri, also recited that the decedent was a resident of that state. Under the terms of this will, his widow was left only a one–fifth interest in the estate during her lifetime. Apparently disappointed with this, the widow filed a petition in the Caddo County Court to probate, as a domiciliary will, the will of her deceased husband.

This court took note of the different possible results depending upon whether Missouri law or Oklahoma law was applied. It stated, "if the testator's domicile was in Missouri at the time of his death, the proponent's [widow's] interest in the estate is fixed by the will; but if the legal domicile of the deceased at the time of his death was in Oklahoma, the proponent, under the laws of this state, would be entitled to one–third of said estate, regardless of the terms of the will."

Against the backdrop of these facts, this court in *Youngblood* made the statement upon which appellees so heavily rely. The court said:

> "It is conceded by both parties that the sole issue involved herein is the domicile of J. M. Youngblood at the time of his death. The county court found that his domicile was in Oklahoma, while the district court held it was in Missouri. If his

**5.** Title 58 O.S. 1971 § 51 provides: "Every will duly proved and allowed in any of the territories, or if any of the United States or the District of Columbia, or in any foreign country or State, may be allowed and recorded in the county court of any county in which the testator shall have left any estate, or any estate for which claim is made."

58 O.S.Supp.1980 Sec. 52 provides: "A. When a copy of the will, and the order of decree admitting same to probate, duly authenticated, shall be produced by the executor, or by any other person interested in the will, with a petition for letters, the same must be filed, and the court or judge must appoint a time for the hearing, notice whereof must be given as provided for an original petition for the probate of a will.

B. Regardless of the value of the estate, any will admitted to probate under this section may be probated under the procedures prescribed under Title 58 O.S., Section 241."

Title 58 O.S.1971 § 53 provides: "If, on the hearing, it appears upon the face of the record that the will has been proved, allowed and admitted to probate in any of the territories, or any State of the United States, the District of Columbia, or in any foreign country or State, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this State, it must be admitted to probate, be certified in like manner according to the facts, and recorded, and have the same force and effect as a will first admitted to probate in this State, and letters testamentary or of administration issued thereon."

domicile was in Missouri, these proceedings must fail and the judgment of the district court refusing to admit the will to probate must be affirmed; but if his legal domicile was in Caddo county, Okl., at the time of his death, the judgment of the district court must be reversed and that of the county court should stand."

Nothing in the remainder of the opinion even suggests concern with whether or not jurisdiction existed to probate the will. Rather the decision as a whole pertains to evidence indicating in which state the decedent was actually domiciled thereby determining the success or failure of the widow's attempt to claim a larger share of the estate. We are satisfied the question before us is readily distinguishable from that in *Youngblood v. Rector* and give no persuasive effect to that case.

Likewise we find those other cases cited by appellees concerning ancillary probate may also be distinguished.[6] Those decisions hold there is no statutory authority in Oklahoma providing for ancillary probate of a domiciliary (Oklahoma) will. Appellees attempt to extend the rationale of these decisions to the case at bar. They reason that since ancillary probate of a domiciliary will is barred, the reverse should also be true, that is, a foreign will, even though it devises Oklahoma property, may not be originally probated here. They say such a will is only permitted ancillary probate after having been duly proven and allowed in another state, and that in this instance the Kansas statute of limitation, requiring application be made for probate of a will within one year of the death of the testator, has run. Appellees conclude both Kansas and Oklahoma lack jurisdiction to probate this will.

Before the county court was abolished by the rewriting of Article VII of our Constitution in 1967, this court recognized that its jurisdiction in probate manners was limited.[7]

However, as stated by the Supreme Court of Tennessee in *Woodfin v. Union Planters National Bank & Trust Co.*, 174 Tenn. 367, 125 S.W.2d 487, 488 (1939) when it was confronted with a contention identical to that of appellees in this case, referring to ancillary probate statutes similar to ours, "The existence of such statutes however and their application for the purposes designed would not in any degree impair the jurisdiction of the County Court over the probate of an original will."

Where statutes are ambiguous or capable of different interpretations, we have applied certain principles of construction to determine their proper meaning.

This court in the first syllabus of *In re Cleveland's Claim*, 72 Okl. 279, 180 P. 852 (1919) stated, "It is a cardinal rule in the construction of statutes that the intention of the lawmakers, when ascertained, must govern, and that to ascertain the intent all the various portions of the legislative enactments upon the particular subject including subsequent enactments should be construed together and given effect as a whole."

Appellees have attempted to show that the existence of statutes providing for ancillary probate infers a legislative intent that the jurisdiction of the district courts to probate a foreign will be limited to those ancillary proceedings only.

6. *Strathmann v. Kinkelaar*, 105 Okl. 290, 233 P. 215 (1915) involved the situation where a copy of decedent's will which had been probated in Kansas was offered for ancillary probate in Oklahoma. This court found decedent had been domiciled in Oklahoma and refused to grant ancillary probate to a domiciliary will. Likewise in *Seifert v. Seifert*, 82 Okl. 230, 200 P. 243 (1931) the Oklahoma Supreme Court held a county court lacked jurisdiction to allow ancillary probate of domiciliary will. In *Richards v. Huff*, 146 Okl. 108, 293 P. 1028 (1930) this court specifically stated that in its opinion the question concerning original probate jurisdiction was not presented and therefore not discussed. This was another ancillary probate of a domiciliary will.

7. This Court has said "Probate courts are courts of limited jurisdiction and have only such power as is conferred upon them by statute." *In re Reardon's Estate*, 203 Okl. 54, 219 P.2d 998 (1950); *In re Mo–Se–Che–He's Estate*, 202 Okl. 382, 213 P.2d 855 (1950); *Rust v. Gillespie*, 90 Okl. 59, 216 P. 480 (1923).

We think certain provisions of 58 O.S. 1971 § 5 are more applicable to a consideration regarding the extent of the general grant of probate jurisdiction made in 58 O.S.1971 § 1 et seq.

The pertinent part of 58 O.S.1971 § 5 provides:

"Wills must be proved, and letters testamentary or of administration granted:

\*    \*    \*    \*    \*    \*

3. In the county in which any part of the estate may be, the decedent having died out of the State, and not resident thereof at the time of his death."

■ The above language is plain. No requirement that the will be duly proven and allowed in another state is set forth nor is any mention made that non–resident wills shall not be permitted original probate. The only conditions contained in this section are simply that part of the estate must be subject to administration in Oklahoma and the testator must not have been a resident of Oklahoma and not have died in this state.[8]

In *Tannehill v. Special Indemnity Fund,* 538 P.2d 590, 592 (Okl.1975) we said, "[S]tatutes must be reasonably and sensibly construed in preference to a construction which renders all or part of the statute useless or deleterious, or permits absurd consequences."

■ In our view, to adopt the appellees' contention that a non–resident's will may not be permitted original probate in Oklahoma would render that portion of 58 O.S. 1971 § 5 quoted supra, meaningless. Such a result must be avoided and we determine that 58 O.S.1971 §§ 1 and 5 grant the district court the authority to probate the will of Arthur Pearson Cloyes.[9]

In addition we find no evidence in the record, nor is it argued that the last will and testament of Arthur Pearson Cloyes was ever offered and refused admittance to probate in Kansas.

Moreover, inasmuch as the property decedent left in Ellis County is real estate (oil and gas mineral rights[10]), we believe our statute, 84 O.S.1971 § 20, supports our determination. It states, in pertinent part, that, "Except as otherwise provided, the *validity* and interpretation of wills is governed, when relating to real property within this State, by the law of this State; . . . ." (Emphasis added.)

■ Finally, in regard to any question which exists concerning the applicability of

8. See *State ex rel Mudd v. County Court of Osage County,* 168 Okl. 470, 34 P.2d 244 (1934) where similar language (". . . he having died out of the State, and not having been a resident thereof at the time of his death") appearing in section 1070, O.S.1931 was held to apply to a situation where an Osage Indian, a resident of Colorado Springs, Colorado, died there leaving an estate subject to administration in Oklahoma.

9. Our position appears to be in accord with decisions of other jurisdiction with similar statutes at well as other secondary authority.

    See *In re Smith's Estate,* 97 P.2d 677, 682 (Wyo.1940) involving a petition to probate the will of a Colorado decedent in Wyoming where real property and a bank account were left. Among the objections to probate filed in the Wyoming Court was one alleging that since decedent died a resident of Colorado the will should first be offered for probate in the State of Colorado.

    The Wyoming Court said, "The Statutes of this State (Rev.St.1931, § 88–207) provide that a will must be proved and letters testamentary or of administration granted * * * in the coun-

ty in which any part of the estate may be, the decedent having died out of the State, and not resident thereof at the time of his death, etc. . . . . It is held by the great weight of authority under like or similar statutory provision that a will may be admitted to probate in a state other than that of the domicile of the deceased, though it has never been admitted in the latter state; and that the admission to probate in the state of the domicile is not a condition precedent to the admission in another state where the deceased leaves real or personal property"; *Estate of Coleman,* 98 N.W.2d 784 (N.D.1959); *Woodfin v. Union Planters National Bank,* 174 Tenn. 367, 125 S.W.2d 487 (1939) supra; *Rader v. Stubblefield,* 43 Wash. 334, 10 Am.Cas. .20, 86 P. 560 (1906); *Owen v. Younger,* 242 S.W.2d 895 (Tex.Civ.App.1951); *Estate of Kane,* 30 Ill. App.2d 470, 175 N.E.2d 290 (1961).

    See generally 20 A.L.R.3d 1033 and the cases cited therein.

10. Minerals in place held to be interest in real estate. *Hudson v. Smith,* 171 Okl. 79, 41 P.2d 861 (1935).

the Kansas one–year statute of limitation to the proceedings in this case, it is well settled that "ordinarily, with respect to limitation of actions, the law of the forum governs." *Edison v. Lewis*, 325 P.2d 955 (Okl.1958). Oklahoma has no applicable statute of limitation.

We determine appellees err in their assertion that the Ellis County District Court lacks jurisdiction to probate the will of Arthur Pearson Cloyes.

On the basis of the foregoing authority we reverse the judgment of the trial court with directions to grant a new trial.

REVERSED and REMANDED.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.